Rueeist, Chief-Justice.
 

 The title of the lessors of the plaintiff depends upon the effect of the private act of 1802, which was given in evidence, and is set forth in the record. By it the names of several persons in no way connected with each other are changed. Among them, that of
 
 Levi Edwards
 
 is altered to
 
 Levi Drake.
 
 In the last section it is enacted, that the persons described in
 
 *115
 
 the first section, shall be legitimated and made capable to possess, inherit and enjoy by descent or otherwise, any estate, real or personal, to all intents as if they had been born in lawful wedlock.
 

 It is contended, that
 
 .Levi Brake
 
 was thereby legitimated as the son of
 
 William Brake,
 
 and became capable of taking lands by descent from him, and again of transmitting such lands by descent, as if he had been the heir of
 
 William
 
 by the general law ; in which case the lessors of the plaintiff, as his heirs on the part of the father, will succeed to the premises in dispute.
 

 What may be the operation of such laws as that under consideration, as far as they contain a clear expression of the legislative will, it will be time enough to determine, when an occasion shall arise which will render the decision necessary. This case calls only for a construction of this act. The question here, is not whether the intention of the Legislature as ascertained, shall be effectual; but what was that intention ?
 

 Whether a statute be a public or a private one, if the terms in which it is couched be so vague as to convey no definite meaning to those whose duty it is to execute it, cither ministerially or judicially, it is necessarily inoperative. The law must remain as it was, unless that which professes to change it, be itself intelligible. But between the rules of construction applicable to statutes of a public and private character^ there is a marked difference. It has been long established, and is founded on the soundest principles, and the legislative intention itself. A grievance which makes a new law of the former kind necessary, is a general one. The grievance, the old law, and the defect in it, are known to the court, in common with the Legislature and other
 
 citizens;
 
 and furnish the means of discovering the intention of the Le» gislature, notwithstanding a defective expression of it. When discovered, it is the duty of the court fo suppress the evil, by advancing the remedy. But with private acts, it is entirely different. They do not relate to matters of common concern
 
 ;
 
 and therefore do not receive that cautious deliberation of the members of. Assembly
 
 *116
 
 which is bestowed on those touching the general welfare. Whatever may be the views of the agents who introduce fiuc^ bills aild procure their passage, the Legislature gene-raiiy must wish their intention to be judged of by their words; and that the grantto one citizen,and the restriction upon another, should be limited to the persons, the subjects and the extent therein plainly set down. No latitude of construction is
 
 admissible;
 
 nonesuch would be tolerated by the Legislature itself. No discretion is entrusted to the judiciary, for there is nothing to aid or inform their discretion. The court is ignorant of the evil to be remedied, further than as it is declared in the act itself; and alike ignorant of other motives to the enactment— The defeat of the purposes of the act, would be as likely, as their promotion and more so, by a departure 'from the letter of the instructions. A court cannot tliere-fore carry a private act by construction, beyond its words, or a necessary implication from them. On the contrary, there is an implication even
 
 against the
 
 most general words, in favor of the right of those who arc not mentioned by name in the act. It is not intended that any others shall be concluded. Hence strangers are not ‘Sound by a private act, although there be no saving clause,
 
 (Barrington’s case,
 
 8
 
 Rep.
 
 136, 2
 
 Bl.
 
 Com. 345,) and it is regarded, both in its operation and construction, in the lightof conveyances derivingtheir effect from the common law.
 

 A different rule prevails in con-private Catatesf the latter are ne yoncTdreh^vrordsj or a necessary them^wi'dare're-strained in favor not mentioned in them.
 

 Where a pri-the6 assent particular person íoi^evídejicJ’ of" that assent may ho given. But
 
 *117
 
 evidence that a Person procured one to be passed, or subsequently rented to it, is not admissible tp extend its effect, as nwier® a ,tas* tard was legitima-ted without say-tQ evidence tliat Ills putative' father procured the pas-does not legiti-’ matc the hastaid as 0 1 '
 

 
 *116
 
 In .the act before us
 
 William Drake
 
 is not named ; not even as the putative father of
 
 Levi,
 
 by way of recital.— Much less is
 
 Levi
 
 declared in the enacting clause, to be
 
 his
 
 heir. It is enacted, that he shall be legitimated
 
 ;
 
 hut as the son of whom, the act is silent, that he shall by capable of inheriting, hut from whom, does not appear. As far as this statute goes, it is as competent for him to claim an inheritance from any other person, as from
 
 William
 
 Brake. There is nothing from which the re-motes^ inference of such an intendment can be drawn, Nor can any evidence out of the act aid the plaintiff, This is the question of the construction of a statute— When the operation of a law depends upon the consent «, •
 
 *117
 
 of a person whose interests are affected by it; either by such consent being necessary constitutionally to its efficacy, or by being a condition precedent to its taking ef-feet, as collected from the act itself, it is necessarily competent to prove such assent. If the act prescribes the mode in which the parties to be bound by it, or to take ... benefit by it, shall signify tneir consent, the evidence must conform to the requisition of the statute. If it be ■ silent, then any other evidence adequate to establish the fact will suffice. But evidence that a person procured , the act to be passed, or gave *a subsequent assent to it, will not make it an enactment of what it is not in itself. __ ■» , , It
 
 William Drake
 
 wished
 
 Levi
 
 to be legitimated as his son, and to that end prevailed on the Legislature to pass this
 
 law;
 
 yet the law will not legitimate liim as his son, because to that extent the Legislature has not yielded to his wishes. It may be said, that such laws must then be always void, however express the enactments, upon the ground that the assent of the parties is necessary, if extrinsic evidence be not admissible or sufficient ; for the recital of it in the statute, as a fact would not bind them. I have no doubt that such a recital is not conclusive ; for a private act even of the English Parliament, with its plenary powers, partakes so much of the nature of a conveyance between parties, that it has been relieved against upon the ground of false suggestion and fraud. But I have as little doubt, that as to facts purporting to be stated in the act as occurring in, the Legislature, every'court must receive the • act as importing verity, to the same extent that the records of a court are evidence to the Legislature or another court, of the matters of fact transacted in the court, of which the record is the memorial. As to other recitals it wouhl seem but a decent respect, though they be not conclusive, to treat them as true, until the contrary appear. But unquestionably, no evidence as to the motives of the Legislature can be heard to give operation to, or take it from their acts ; nor can the construction of even a deed, much less a record, and still less a statute be controlled by the proof of collateral facts.
 

 
 *118
 
 An act legitimating a bastard as to his putative father, does not render the colla-terals of the latter capable of succeeding to the former.
 

 I conclude therefore, that this act does in no degrefc alter the relation between
 
 Levi
 
 and
 
 William Drake,
 
 and that if the latter had died intestate, the former could not have succeeded to his inheritances. But if he could. I do not perceive that the lessors of the plaintiff could have inherited from
 
 Levi.
 
 The act is altogether silent as to descents from him. It struck me at one time, that some meaning might be put on the act, by holding that it legitimated
 
 Levi
 
 as the son of his mother, being his known parent, and that it should be
 
 supported thus far,
 
 rather than make it altogether inoperative. Farther i'eflection compels me to yield even that position. Such a construction would invest
 
 Levi
 
 with the rights of a legitimate child under the act of 1799,
 
 (Rev. c.
 
 522,. and might thus interfere essentially, witli the wishes of the mother in respect to her own property, and necessarily with the interests of her other children. Such an interference is not to be presumed. The rules of construction already alluded to, forbid the imputation of it to the Legislature, if their words are not so plain as to make it unavoidable. If the son had been thus expressly legitimated to one or both of his parents and declared capable of inheriting from them or either of them, the operation of the act, upon its construction, must stop there. The character of
 
 Levi,
 
 as to his capacity to take by descent from other persons, or to transmit by descent lands thus or otherwise acquired, is changed only so far as the act expresses it. In other respects and in reference to other persons, lie remained a bastard. It is impossible to suppose that the Legislature meant to alter the course of collateral successions, or to interfere with the limitations in wills and settlements. Such a supposition is perfectly incredible, when we refer to the public act of 1829, for the legitimation of bastard children. In that, the effect, and all the effects of legitimation, are plainly expressed and precisely limited. With respect to successions to property, the legitimative
 
 child is
 
 entitled to a distributive share of the personal estate, and to inherit the real estate of his putative father, and to transmit the .same iands in the course of descents, as if he had
 
 *119
 
 been born in wedlock. But those claimed from him are not within the act, except as to lands inherited from the father to whom he is legitimated. As to all other property, the rights of other persons are the same as if he had not been legitimated. Whilst the Legislature is thus careful in framing the provisions of a statute extending to the whole community, and limiting the effect of legitimation thus narrowly, it would be an outrage upon that body, to impute to them an intention by a private .act, couched in general and ambiguous words, to change the course of succession in a particular family, further than is declared explicitly, or to bind members of that family who are not named.
 

 I entertain the opinion therefore, that the act of 1802, is in itself
 
 altogether inoperative, except
 
 so far as it altered
 
 the
 
 names of the persons mentioned in it.
 
 Levi Drake
 
 took as a purchaser under
 
 William’s
 
 will, and the lessors of the plaintiff are not his heirs.
 

 Per Cuktam — JudgmeNt appirmbb.