# Richmond

FRANK RANDOLPH CALDWELL, JR. v. COMMONWEALTH OF VIRGINIA.

October 8, 1956.

Record No. 4580.

Present, Hudgins, C. J., and Eggleston, Spratley, Miller and Whittle, JJ.

The opinion states the case.

*Philip White* and *William N. Eason*, for the plaintiff in error.

*R. D. McIlwaine, III, Assistant Attorney General, (J. Lindsay Almond, Jr., Attorney General*, on brief), for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

On this writ of error Frank Randolph Caldwell, Jr., hereinafter referred to as the defendant, challenges the validity of a judgment

entered upon a jury's verdict finding him guilty of violating Code, § 46-189, commonly referred to as the hit-and-run statute, and imposing upon him a fine of $200 and the cost of the prosecution.

The statute reads thus:

"*Duty of driver to stop, etc., in event of accident; duty of occupant, witness, etc.*—The driver of any vehicle involved in an accident resulting in injuries to or death of any person or damage to property shall immediately stop at the scene of such accident or as close thereto as is possible without obstructing traffic and give to the person struck and injured, or to the driver or some other occupant of the vehicle collided with, his name, address, operator's or chauffeur's license number and the registration number of his vehicle. If the damage is to an unattended vehicle or to some other object, the driver shall make a reasonable effort to find the owner or person in charge of such property or shall leave a note in a conspicuous place giving him the information hereinbefore required and in addition shall report the accident in writing to the Commissioner or to the chief of police if the accident occurred in a city or town, irrespective of the damage involved. The driver shall also render reasonable assistance to any person injured in such accident, including the carrying of such injured person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by, the injured person.

"It shall be the duty of any occupant, witness or other person having knowledge of such an accident to furnish as much of the information hereinbefore required as possible if the driver is unable or unwilling to furnish it."

Under Code, § 46-190, if the accident result in injury· to or the death of any person, the violation of the statute is made a felony, punishable by confinement in the penitentiary or in jail, or by a fine, or by both imprisonment and a fine. If the accident result only in damage to property, the offense is made a misdemeanor.

The initial portion of the indictment upon which the defendant, Caldwell, was tried charges that on October 22, 1955, William Jesse Stubbs, Jr., while operating an automobile in the City of Norfolk, struck and injured Judy K. Rivard; that Stubbs failed to stop his vehicle immediately at the scene of the accident or as close thereto as possible without obstructing traffic; that Stubbs failed to give Judy

K. Rivard the information specified in the statute, and failed to render reasonable assistance to her. The indictment then continues:

"* * * and that Frank Randolph Caldwell, Jr., then and there being a witness, passenger and occupant in the aforesaid motor vehicle, driven and operated by the aforesaid William Jesse Stubbs, in the manner aforesaid, and he, the said Frank Randolph Caldwell, Jr., well knowing that the said accident aforesaid had occurred, and well knowing the said driver's name, address, operator's or chauffeur's license number and the registration number of said vehicle in which he was a witness, passenger and occupant, and well knowing that the driver aforesaid had failed to stop and was unable and unwilling to give to the person struck and injured his, the said William Jesse Stubbs' name, address, operator's or chauffeur's license number and the registration number of said vehicle, he, the said Frank Randolph Caldwell, Jr., then and there unlawfully and feloniously, did fail to furnish the said driver's name, address, operator's or chauffeur's license number and the registration number of the said motor vehicle, against the peace and dignity of the Commonwealth of Virginia."

By a motion to quash the indictment and a demurrer the defendant asserted the respective defenses that the indictment "charges no indictable offense," but that if it does, the statute upon which it is based is unconstitutional and void. These defenses are reasserted on appeal. The defendant also contended in the court below, as he does here, that the evidence is insufficient to support the verdict and that the trial court failed to instruct the jury properly on the issues.

Except in a minor particular the facts are not in dispute. On October 22, 1955, about 3:00 p. m., while Mrs. Judy K. Rivard was walking from the north to the south side of Twenty-first street, near a Sears Roebuck store, in the City of Norfolk, she was struck by an automobile driven westwardly along the street by Stubbs. Mrs. Rivard was carried a distance of approximately 18 feet by the impact and suffered bruises and abrasions, but was not seriously injured.

After the impact the driver, Stubbs, did not bring his car to a stop but left the scene at a high rate of speed. The defendant, Caldwell, was a passenger in the car. Stubbs drove the car to a section in Norfolk known as Atlantic City, some two miles from the scene of the accident and there abandoned the vehicle. There the couple

separated, Caldwell going home and Stubbs going to a show.

About 4:45 p. m. on the same afternoon, Stubbs went to police headquarters and reported that the vehicle had been stolen. However, the police had already received reports giving the license number and description of the vehicle which had struck Mrs. Rivard. When confronted with this information, Stubbs admitted that his initial report was false, that he had been driving the car at the time of the accident, and that the defendant, Caldwell, had been a passenger therein at the time.

The defendant, Caldwell, who was twenty years of age, admitted on the stand that he was a passenger in the car at the time of the accident and that he was aware that the car had struck Mrs. Rivard. It was developed by counsel for the *defendant* that Stubbs had told a police officer that Caldwell had urged him (Stubbs) not to stop at the scene. Caldwell, however, denied this to the officer and also denied it on the stand. He testified that he tried to persuade Stubbs to stop at the scene and later tried to persuade him to return to the scene, but that Stubbs refused to do either. Stubbs did not testify in the present case.

At any rate, the defendant, Caldwell, did not accompany Stubbs to police headquarters, nor did he report to the police his connection with the incident. Neither did he attempt to make any investigation of the identity of the pedestrian who had been struck and advise her of his knowledge of the incident. Upon his return home he asked his father what he should do about the matter. The evidence is that "his father told him that he did not know what he should do, if anything."

It is clear from the indictment that the defendant, Caldwell, is charged with a violation of the second paragraph of the statute. The only assignment of error we need consider is that the lower court erred in not holding that this paragraph is so vague and indefinite as to be unenforceable under the Due Process Clauses of the Fourteenth Amendment and of the Virginia Constitution. The Attorney General concedes that this is the vital issue in the case. For the reasons to be stated, we hold that this contention of the defendant is sound.

The second paragraph was incorporated in the statute by the Acts of 1942, ch. 432, p. 693. Prior to that amendment the statute related only to the duties imposed upon the driver. (Acts of 1938, ch. 302, p. 435.) We have been pointed to no authority, nor have we been

able to find any, which has considered or interpreted a provision such as that found in the second paragraph of our statute.

The paragraph is loosely phrased in broad language. It makes it "the duty of any occupant, witness or other person having knowledge of such an accident to furnish as much of the information hereinbefore required as possible if the driver is unable or unwilling to furnish it." It will be observed that the duty of furnishing such information is imposed not only on an occupant of a vehicle involved in an accident, but also upon any "witness or other person having knowledge of such an accident." Such witness may be a mere bystander, in no way concerned in the accident, and yet the paragraph places upon him the duty of giving as much of the required information "as possible," and makes him a violator of the law for not doing so. Whether this requirement is within the police power of the State we need not decide. We find the paragraph fatally defective in other respects.

[■] It is elementary that an act creating a statutory offense, to be valid, must specify with reasonable certainty and definiteness the conduct which is commanded or prohibited, that is, what must be done or avoided, so that a person of ordinary intelligence may know what is thereby required of him. 14 Am. Jur., Criminal Law, § 19, pp. 773, 774; 22 C. J. S., Criminal Law, § 24-a, pp. 70-72. The enactment should define the acts to be done or not to be done which constitute such offense with such certainty that a person may determine whether or not he has violated the law at the time he does or fails to do the act, which is charged to be a violation thereof. *State v. Lantz*, 90 W. Va. 738, 111 S. E. 766, 26 A. L. R. 894. Unless an act creating a statutory offense satisfies this requirement of certainty and definiteness it violates the Due Process Clauses of the Fourteenth Amendment and of the Virginia Constitution. Article I, § 8.

■ It is clear that the second paragraph of the statute fails to measure up to these constitutional requirements. It fails to specify when and to whom the occupant or other witness must furnish the required information. The first paragraph requires the driver of a motor vehicle to stop "immediately" at the scene of the accident "or as close thereto as is possible without obstructing traffic" and give the specified information. But the second paragraph, imposing the duty on an occupant or other witness, does not require that he stop at the scene, nor does it specify when he must furnish the information required of him.

The Attorney General argues that we should interpret the language as requiring an occupant or other witness to furnish the information "within a reasonable time" of an accident, and that whether this has been done in a particular case would be for the jury. But there is nothing in the language of the paragraph to warrant this interpretation. It would perhaps better serve the purpose of the statute to say that the information should be furnished "as soon as possible." For us to insert in the statute either of these phrases, or a similar phrase, would not be an interpretation of the statute. It would be a rewriting of the statute by the incorporation therein of an essential provision which has been omitted. "If the meaning of a criminal statute cannot be judicially ascertained or if, in defining a criminal offense, it omits certain necessary and essential provisions which go to impress the acts committed as being wrongful and criminal, the courts are not at liberty to supply the deficiency or undertake to make the statute definite and certain." 14 Am. Jur., Criminal Law, § 19, p. 774.

It is the function of the judiciary to interpret statutes. Rewriting them is the function of the legislature. *Anderson v. Commonwealth*, 182 Va. 560, 566, 29 S. E. 2d 838, 841.

Moreover, the statute does not specify to whom the occupant or other witness must furnish the specified information. The Attorney General argues that a reading of the second paragraph in connection with the first shows the intent that the occupant or other witness must furnish the required information to the same person or persons to whom the driver is required to furnish it. The first paragraph of the section spells out a number of things which the driver must immediately do at the scene in order to identify himself to the person who has been injured or whose property has been damaged in a collision. If we adopt the suggestion of the Attorney General, does this mean that an occupant or other witness must take all or some of the steps required of a defaulting driver? Certainly the language used in the second paragraph does not say this.

While the indictment is carefully drawn it will be observed that it does not allege to whom the defendant, Caldwell, should have furnished the information. Was the draftsman of the indictment uncertain of the statutory requirement as to this?

It is pertinent to inquire here that if an occupant of a motor vehicle involved in a collision be involuntarily taken from the scene, as the defendant testified was done in this case, is it his duty under

the statute to give the required information to the police? The statute does not say so and yet this would seem to be a logical requirement.

The record shows that after the jury had retired to consider the case and prior to reaching a verdict, they returned to the courtroom twice requesting an additional instruction as to "when such information should have been furnished and whether the fact that the driver furnished the information to the police officer before the accused did made any difference." The court told the jury that an instruction on this phase of the case was not necessary or proper. Clearly, the jury were entitled to this information because it was the heart of the case. The fact that the jury were at a loss to know when and to whom the defendant occupant should have furnished the information required of him is another circumstance which demonstrates the uncertainty of the statute.

We hold that the second paragraph of the statute on which the prosecution of this defendant is based is fatally defective in that it fails to specify when and to whom the occupant or other witness must furnish the required information. Hence, the judgment of conviction cannot stand.

This conclusion makes it unnecessary that we pass upon the other questions discussed in the briefs.

The judgment is reversed, the verdict set aside, and the prosecution dismissed.

*Reversed and dismissed.*

Hudgins, C. J., dissenting.