## Richmond

JOHN S. HANCOCK V. JAMES D. COX, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY (OTIS L. BROWN, DIRECTOR OF THE DEPARTMENT OF WELFARE AND INSTITUTIONS, SUBSTITUTED RESPONDENT).

September 1, 1971.

Record No. 7704.

Present, All the Justices.

*Matthew N. Ott, Jr.* (*Mays, Valentine, Davenport & Moore,* on brief), for petitioner.

*C. Tabor Cronk, Assistant Attorney General,* for respondent.

HARRISON, J., delivered the opinion of the court.

Invoking the original jurisdiction of this court, the petitioner, John S. Hancock, seeks a writ of habeas corpus directing his release from custody pursuant to an order of commitment entered on November 9, 1970 by the County Court of Wythe County.[1]

While petitioner assigns several grounds as a basis for his petition, we need only consider his contention that Code § 18.1-200.1 is void for vagueness and uncertainty.

Petitioner was arrested on November 6, 1970 in Wytheville and charged with being drunk in public. On the arrest warrant is found

---

[1] In *Hill* v. *Royster*, Record No. 7368, we held that habeas corpus lies in a case similar to the case under review.

a notation "6th offense in 1970". On November 9, 1970 the County Court of Wythe found petitioner not guilty of the offense by virtue of the fact that "petitioner is an alcoholic". At the same time the court ordered Hancock committed to the control and supervision of the Director of the Department of Welfare and Institutions for the indeterminate period of not less than three months nor more than three years.

Petitioner was admitted to Bland Correctional Farm where he remained as an inmate from November 11, 1970 to March 11, 1971, at which time he was conditionally released until November 9, 1973 under the provisions of Code § 18.1-202. Among the numerous conditions of the release petitioner is prohibited from leaving or remaining away from the city or town wherein he resides without the permission of his supervising officer. He is required to follow the advice of such officer regarding his recreational and social activities and report promptly as required and in the manner designated by this officer.

Code § 18.1-200.1 provided:

> "Any person arrested for an offense in which proof of drunkenness or being under the influence of alcohol is a necessary element of the crime and is discharged, dismissed or acquitted of such charge by reason of being an alcoholic, shall be subject to commitment to the control and supervision of the Director of the Department of Welfare and Institutions in the same manner and for the same purposes as prescribed in § 18.1-200, or to the Department of Mental Hygiene and Hospitals, or to a facility under the control of the State Health Department for treatment of alcoholics, in the discretion of the court."

At the time of the proceeding against petitioner Code § 18.1-200 provided, in part, that whenever any county court, in the exercise of sound discretion, shall determine that it is necessary for the protection of the public health or safety, or for the promotion of the public welfare, through the rehabilitation of any person, it may in lieu of a sentence or fine commit such person to the control and supervision of the Director of the Department of Welfare and Institutions for rehabilitation, for an indeterminate period of not less than three months nor more than three years.

Code § 18.1-202 provides, in part, that the Director of Welfare and Institutions may at any time release such person when satisfied

that such release is conducive to the welfare of such person and will not be detrimental to the public health or public welfare, and may prescribe reasonable terms or conditions upon which such release is granted. This section also authorizes the county court to revoke the order of release and direct the return of the released person to the Director, or on its own motion or on application of the Director, recommit such person to an institution, or make such other disposition as may be provided by law. The total period of probation, confinement, supervision and reconfinement shall not exceed three years.

Code § 18.1-200.1 was recently repealed, and Code §§ 18.1-200 and 18.1-201 were amended by an Act of the General Assembly, effective July 1, 1971. See Acts of Assembly, ch. 189 (Special Session 1971). However, this Act has prospective application only, and does not operate to release those persons currently in custody or committed prior to the date of repeal, and further does not operate to relieve those persons previously committed and conditionally released, such as the petitioner, from the terms of their conditional release.

While the motive of the General Assembly in its enactment of Code § 18.1-200.1 is obviously an attempt to preclude an alcoholic's acts from being stamped as criminal, and to provide for his rehabilitation, the fact remains that Hancock, and others proceeded against under this statute, face a potential in-custody deprivation of their liberty for a period of three years, or a restriction of the freedom of their movements and conduct for a like period.

The rationale for discharging, dismissing or acquitting a person "by reason of being an alcoholic" is manifestly that such a person is regarded as medically sick. However, the statute provides no definition, basis or standard to guide the court in determining how, when or why an individual is or is not to be adjudged an alcoholic. The vice of the statute is demonstrated by the notation on the criminal warrant which charged Hancock with being drunk in public. It is reasonable to assume therefrom that this was the sixth time that petitioner had been arrested and charged with public drunkenness during 1970. The county court evidently concluded therefrom, and possibly from other evidence, that Hancock was an alcoholic or an inebriate or was habitually addicted to the excessive use of intoxicating liquors, and that rehabilitative treatment was indicated. Under the statute in question the same conclusion could have been reached by the same judge, or another judge in another jurisdiction, in a case

which involved a lesser number of similar offenses committed during 1970, or upon other evidence—all without any guiding standard.

Unlike the statute under review, the Alcoholic Beverage Control Act defines an "intoxicated person" as "[a]ny person who has drunk enough alcoholic beverages to so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to observation, shall be deemed to be intoxicated". Code § 4-2 (14). And in Title 37.1 of the Code of Virginia, which deals with institutions for the mentally ill and mental health generally, Code § 37.1-1 (9) defines an "inebriate" to mean "a person who through use of alcoholic liquors has become dangerous to the public or himself or unable to care for himself or his property or his family".

The fact that a proceeding under Code § 18.1-200 may be termed a civil procedure for rehabilitative purposes, as opposed to criminal, is of no consequence here for a commitment under that section can involve confinement and a restriction of the liberties of the persons committed.

The statute under attack, Code § 18.1-200.1, lacks a definition of when a person is an alcoholic and it is unconstitutionally vague, uncertain and indefinite and is therefore void. It is a well settled principle of constitutional law that a statute must be definite to be valid and that if vague it denies due process of law. In *Peacock* v. *Commonwealth*, 200 Va. 464, 106 S. E. 2d 659 (1959), we held a statute fatally defective in that it did not measure up to the constitutional requirements of definiteness and certainty. There we said:

> "We have recently stated the principles which govern the determination of the validity of a criminal statute in *Caldwell* v. *Commonwealth*, 198 Va. 454, 94 S. E. 2d 537. There we said:
>
> " 'It is elementary that an act creating a statutory offense, to be valid, must specify with reasonable certainty and definiteness the conduct which is commanded or prohibited, that is, what must be done or avoided, so that a person of ordinary intelligence may know what is thereby required of him. 14 Am. Jur., Criminal Law, § 19, pp. 773, 774; 22 C. J. S., Criminal Law, § 24-a, pp. 70-72. The enactment should define the acts to be done or not to be done which constitute such offense with such certainty that a person may determine whether or not he has violated the law at the time he does or fails to do the act, which is charged to be a violation thereof. *State* v. *Lantz*, 90 W. Va. 738, 111 S. E. 766, 26 A. L. R. 894. Unless an act creating a statutory offense satisfies this

requirement of certainty and definiteness it violates the Due Process Clauses of the Fourteenth Amendment and of the Virginia Constitution. Article 1, § 8,' 198 Va. p. 458.

"Again, in *Mundy Motor Lines* v. *Du Pont*, 199 Va. 933, 103 S. E. 2d 245, in determining the validity of a statute fixing rates of contract carriers, we quoted, with approval, the following statements:

" ' "If the terms in which it (a statute) is couched be so vague as to convey no definite meaning to those whose duty it is to execute it, either ministerially or judicially, it is necessarily inoperative." ' *Drake* v. *Drake*, 15 N. C. 110. 199 Va. at pages 937 and 938.

"We then said:

" 'In 50 Am. Jur., Statutes, § 472, p. 484, the principle is stated thus: "In the enactment of statutes reasonable precision is required. Indeed, one of the prime requisites of any statute is certainty, and legislative enactments may be declared by the courts to be inoperative and void for uncertainty in the meaning thereof. This power may be exercised where the statute is so incomplete, or so irreconcilably conflicting, or so vague or indefinite, that the statute cannot be executed and the court is unable, by the application of known and accepted rules of construction, to determine what the legislature intended, with any reasonable degree of certainty."

" 'Like statements are found in 82 C. J. S., Statutes, § 76, p. 133; 17 M. J., Statutes, § 27, p. 269.' 199 Va. at page 938.

"The above principles fully apply here." 200 Va. at 468-69, 106 S. E. 2d at 662-63.

Accordingly, we will issue a writ of habeas corpus directed to Otis L. Brown, Director of the Department of Welfare and Institutions, directing that John S. Hancock be released from custody, if in custody, and that he be further released from all conditions imposed on him by the Director in his conditional release of petitioner dated March 11, 1971.

*Writ awarded.*