# Richmond

## DENNIS JOE SHARP v. COMMONWEALTH OF VIRGINIA.

October 9, 1972.

Record No. 7994.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ

*Robert T. Hall* (*Hall and Jackson,* on brief), for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

SNEAD, C.J., delivered the opinion of the court.

Armed with a search warrant, police officers entered premises occupied by Dennis Joe Sharp, defendant, in Fairfax County, and found under his bed two and one-half bricks of marijuana weighing a total of 1,447 grams, seventeen "baggies" of marijuana weighing a total of 257.4 grams, a phial of marijuana and a pipe with charred marijuana in the bowl.

On November 16, 1970 Sharp was indicted for possession of mari-

juana, a controlled drug, with intent to distribute it, in violation of § 54-524.101(a), Code of 1950, as amended. A jury trial resulted in a verdict of guilty and defendant's punishment was fixed at three years confinement in the State Penitentiary and the payment of a fine of $3,000. On April 2, 1971 judgment was entered on the verdict, and we granted defendant a writ of error limited to the assignment of error alleging that the court erred in giving Instruction No. 5, which follows:

"The Court instructs the jury that a conviction of possession of marijuana with intent to distribute may be based *solely* upon evidence as to the quantity of such marijuana unlawfully possessed." (Emphasis added.)

The instruction was based upon § 54-524.101(a)[1], which provided:

"Except as authorized by this chapter, it shall be unlawful for any person knowingly or intentionally:

"(1) To distribute, or to possess with intent to distribute, a controlled drug;
"(2) To manufacture a controlled drug.

"A conviction for a violation of this § 54-524.101(a) may be based solely upon evidence as to the quantity of any controlled drug or drugs unlawfully possessed."

The defendant contends here, as he did in the court below, that the subsidiary statutory provision which authorized a conviction based solely on evidence as to quantity was void because it was unconstitutionally vague, uncertain and ambiguous, providing no standards for determining guilt, and it created an arbitrary presumption having no rational connection with the facts and circumstances.

On the other hand, the Commonwealth maintains that the statutory provision was a constitutionally valid rule of evidence, that it created a rational rebuttable presumption, and that it was clear and unambiguous.

We are of opinion that the defendant's contentions are

---

[1] The 1972 General Assembly repealed § 54-524.101 and in lieu thereof enacted § 54-524.101:1. This subsidiary provision, which provided that a conviction may be based solely upon evidence as to quantity, is not contained in the present statute.

well-founded. We have often said that a penal statute must be definite and certain to be valid, and it denies due process of law if it is vague or ambiguous. *Hancock* v. *Brown, Director*, 212 Va. 215, 218, 183 S.E.2d 149, 151 (1971). In *Caldwell* v. *Commonwealth*, 198 Va. 454, 458, 94 S.E.2d 537, 540 (1956) we said:

> "It is elementary that an act creating a statutory offense, to be valid, must specify with reasonable certainty and definiteness the conduct which is commanded or prohibited, that is, what must be done or avoided, so that a person of ordinary intelligence may know what is thereby required of him . . . . The enactment should define the acts to be done or not to be done which constitute such offense with such certainty that a person may determine whether or not he has violated the law at the time he does or fails to do the act, which is charged to be a violation thereof . . . . Unless an act creating a statutory offense satisfies this requirement of certainty and definiteness it violates the Due Process Clauses of the Fourteenth Amendment and of the Virginia Constitution."

Under the subsidiary provision of the statute, a person of ordinary intelligence in possession of a quantity of marijuana could not with reasonable certainty know whether he was guilty of the misdemeanor of mere possession or the felony of possession with intent to distribute.

We are further of opinion that the statutory inference or presumption of possession with intent to distribute did not have sufficient rational connection with the fact of possession of a quantity of a controlled drug. This Court stated in *Burnette* v. *Commonwealth*, 194 Va. 785, 790, 75 S.E.2d 482, 485 (1953):

> "The general rule approved by various decisions and legal articles is that the test of the constitutionality of such statutes making proof of a certain fact *prima facie* or presumptive evidence of another fact, is whether there is a natural and rational evidentiary relation between the fact proven and the ultimate fact presumed, and that the inference of one fact from proof of another must not be so unreasonable as to be purely arbitrary. To state the rule in positive terms, in order for such a statute to be valid, there must be some rational connection between the fact proved and the ultimate fact to be established."

See also *Nance* v. *Commonwealth*, 203 Va. 428, 124 S.E.2d 900 (1962); *Dooley* v. *Commonwealth*, 198 Va. 32, 92 S.E.2d 348 (1956).

This rule is in accord with that enunciated by the United States Supreme Court in *Leary* v. *United States*, 395 U.S. 6, 36 (1969), in which it was said:

> "[A] criminal statutory presumption must be regarded as 'irrational' or 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend."

The case of *United States* v. *Childs*, 463 F.2d 390 (4th Cir., 1972) is distinguishable from the case at bar. There, although the instruction was based on § 54-524.101(a), the trial judge specifically instructed the jury that possession of a large quantity of marijuana may be considered *among all other relevant facts and circumstances* to infer intent to distribute, but that the jury was not required to infer from the evidence that the defendant intended to distribute it.

In the instant case, Instruction No. 5, which told the jury that a conviction of possession of marijuana with intent to distribute may be based *solely* upon evidence as to quantity, improperly emphasized quantity alone and permitted the jury to disregard other facts and circumstances relating to intention. We hold that the instruction was erroneously given.

Accordingly, the judgment of the trial court will be reversed. However, our holding that the subsidiary provision of Code § 54-524.101(a) is unconstitutional does not affect the validity of the substantive offense created by the statute. The case will, therefore, be remanded for a new trial.

*Reversed and remanded.*