# Richmond

BOBBIE GARLAND RILEY v. COMMONWEALTH OF VIRGINIA.

October 9, 1972.

Record No. 8036.

Present, All the Justices.

*A. L. Larkum,* for plaintiff in error.

*Burnett Miller, III, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

SNEAD, C.J., delivered the opinion of the court.

Bobbie Garland Riley, defendant, was found guilty on an indictment charging that he did "'feloniously and unlawfully possess or use a 'sawed-off' shotgun for an offensive or aggressive purpose * * *.'" (Code § 18.1-268.3) The jury fixed his punishment at confinement in the State Penitentiary for a period of ten years, but recommended that the court suspend the sentence and place defendant on probation. On December 22, 1971, the trial court sentenced defendant to a term of ten years with nine years suspended. To that judgment we granted Riley a writ of error.

The defendant challenges the constitutionality of several sections of the "Sawed-Off" Shotgun Act (§ 18.1-268.1, *et seq.*), and also the correctness of the court's ruling admitting testimony as to a prior conviction for robbery.

Relevant statutes follow:

"§ 18.1-268.3. **Possession or use of 'sawed-off' shotgun for offensive or aggressive purpose.**—Unlawful possession or use of a 'sawed-off' shotgun for an offensive or aggressive purpose is hereby declared to be a crime punishable by imprisonment in the State penitentiary for a term of not less than ten years.

"§ 18.1-268.4. **What constitutes offensive or aggressive purpose.** —Possession or use of a "sawed-off" shotgun shall be presumed to be for an offensive or aggressive purpose:

\* \* \*

"(2) When the 'sawed-off' shotgun is in the possession of, or used by . . . a person who has been convicted of a crime of violence in any court of record, state or federal, of the United States of America, its territories or insular possessions;

"(3) When the 'sawed-off' shotgun is of the kind described in § 18.1-268.1 and has not been registered as required in § 18.1-268.8 [§ 18.1-268.7] * * *."

The evidence, stated in the light most favorable to the Commonwealth, showed that defendant had in his possession a "sawed-off"

shotgun which met the specifications described in Code § 18.1-268.1 (1),[1] and that the gun had not been registered with the Department of State Police, as required by Code § 18.1-268.7.

Riley contends here, as he did in the court below, that Code § 18.1-268.3 is unconstitutionally vague because what constitutes an "offensive or aggressive" purpose is not sufficiently well-defined.

In *Sharp* v. *Commonwealth*, 213 Va. 269, 192 S.E.2d 217, (1972), decided this day, we held that the subsidiary provision of Code § 54-524.101(a), which permitted a presumption of intent to distribute a controlled drug to arise solely from the quantity possessed, was unconstitutionally vague because a person of ordinary intelligence could not tell with reasonable certainty of what crime he was guilty. That is not the case here. The Commonwealth argues, and we agree, that the meaning of the words "offensive and aggressive" is by ordinary usage sufficiently clear that a person of ordinary intelligence will know their import. So we hold that the statute is not unconstitutionally vague.

Defendant further assails the constitutionality of the provisions in § 18.1-268.4 that a "sawed-off" shotgun is presumed to be for an "offensive or aggressive" purpose when the weapon has not been registered with the Department of State Police within twenty-four hours after acquisition or when it is found in the possession of one who has been convicted of a crime of violence.

It is within the reasonable exercise of the police power for the General Assembly to prohibit the unlawful possession of articles and weapons frequently used in the perpetration of crimes. For example, see Code § 18.1-87, making it a felony to possess burglarious tools. Indeed, possession of a uniquely violent weapon like a "sawed-off" shotgun, so easily concealed to hinder detection, has no legitimate purpose in general usage and should be controlled in the public interest.

The statute does not prohibit possession of all "sawed-off" shotguns, nor does it create a conclusive presumption that the weapon is used for an "offensive or aggressive" purpose. One in possession of a "sawed-off" shotgun may rebut the evidentiary presumption

---

[1] "§ 18.1-268.1(1) 'Sawed-off' shotgun applies to any weapon, loaded or unloaded, originally designed as a shoulder weapon, utilizing a self-contained cartridge from which a number of ball shot pellets or projectiles may be fired simultaneously from a smooth or rifled bore by a single function of the firing device and which has a barrel length of less than eighteen inches for smooth bore weapons and sixteen inches for rifled weapons. Weapons of less than .225 caliber shall not be included."

that its possession was for an unlawful purpose when the presumption arises. The burden of going forward with the evidence then merely shifts to the defendant.

We recognized in *Sharp v. Commonwealth, supra,* that an evidentiary presumption, in order to be constitutionally valid, must have a rational connection with the facts and circumstances proved. One in possession of a "sawed-off" shotgun, who has not registered it as required or who has previously been convicted of a crime of violence, is "more likely than not" in possession of the weapon for an unlawful, "offensive or aggressive" purpose. *See Leary v. U.S.,* 395 U.S. 6, 36 (1969). We hold that the presumptions in the present case have a rational connection with the facts and circumstances proved, and that they are constitutionally valid.

Riley further contends that the registration requirement of the statute denied him his privilege against self-incrimination, as guaranteed by the Fifth Amendment to the Constitution of the United States. He argues that proper registration would in effect require him to admit that he was presumptively guilty of the crime of unlawful possession of a "sawed-off" shotgun for an "offensive or aggressive" purpose.

Defendant relies on *Haynes v. United States,* 390 U.S. 85 (1968), which held that a proper claim of the privilege against self-incrimination provided a defense to a prosecution for either failure to register certain weapons with the Secretary of the Treasury under the National Firearms Act or for possession of certain unregistered weapons. We do not construe *Haynes* to hold that Act unconstitutional per se.

In the case at bar, Riley did not assert his constitutional privilege against self-incrimination in the court below. In our view the registry provisions of § 18.1-268.7 are not unconstitutional per se. The General Assembly may restrict the possession or use of a "sawed-off" shotgun by requiring its registration with law enforcement authorities, and constitutional objections may be met by a proper assertion of a claim of privilege.

Finally, defendant contends that certain evidence was improperly admitted because it was hearsay and violated the best evidence rule. As evidence of a prior conviction for a crime of violence, the Commonwealth introduced the testimony of Harry Dobbs, a parole officer, as to information he had received from records sent to probation and parole officers by prison authorities. Over objection, Dobbs testified that defendant had been convicted of robbery by the

Circuit Court of Henrico County on June 7, 1966. Dobbs had no personal knowledge of the conviction. Defendant later took the stand in his own behalf and on cross-examination admitted the conviction.

The Commonwealth concedes that Dobbs' testimony was inadmissible as being hearsay under *Williams* v. *Commonwealth*, 213 Va. 45, 189 S.E.2d 378 (1972), but argues that the defendant waived his objection by testifying as to the prior conviction. Moreover, the Commonwealth asserts that even if error was committed, it was harmless because the presumption of "offensive or aggressive" purpose also arose from the failure to register the weapon.

Without proof that defendant had been convicted of a crime of violence, no presumption that the possession of the "sawed-off" shotgun was for an "offensive or aggressive" purpose would have arisen under § 18.1-268.4(2). Had the trial court sustained defendant's objection to Dobbs' hearsay testimony, as we hold it should have done, the Commonwealth could not have relied upon the presumption arising under this section of the Code. The Commonwealth should have proved defendant's prior conviction by producing a certified copy of the judgment of the court where the conviction occurred. *See* Code § 8-266. The secondary evidence of Dobbs was an improper and insufficient substitute.

We do not agree that Riley waived objection to the hearsay evidence of Dobbs by testifying on cross-examination that he had been convicted of robbery. In view of Dobbs' testimony, Riley was compelled to take the stand in order to deny that he possessed the gun for "offensive or aggressive" purposes as presumed from evidence of the prior conviction.

We find no merit in the Commonwealth's claim that the admission of Dobbs' testimony was harmless error because the presumption of "offensive or aggressive" purpose also arose from the failure to register the gun. The ready answer to this contention is that it cannot be known upon which presumption the jury based its verdict.

For the error in admitting the testimony of Dobbs, the judgment appealed from will be reversed and the case remanded for a new trial.

*Reversed and remanded.*