## CIRCUIT COURT OF HENRICO COUNTY

Henrico County

v.

Charles Wayne Grady

Case No. 79-M-47

Henrico County

v.

Robert Andrew Whisnant

Case No. 79-M-48

March 17, 1980

BY JUDGE L. PAUL BYRNE

The above cases involved two young male adults, each eighteen years of age, who are charged with the violation of § 18.2–137 of the Code of Virginia (1950), as amended, on December 24, 1978, at approximately 1:00 o'clock a.m., vandalism, i.e., damage to property of another, at Azalea Mall in the County of Henrico. They each waived their right to an attorney and were tried and convicted originally in the Henrico County General District Court upon a plea of guilty in each case on January 5, 1979. Subsequently, on January 12, 1979, appeals were noted and the cases set for trial in this Court on April 3, 1979.

By letter dated March 20, 1979, counsel for the defendants, filed a motion in each case to dismiss on the ground that Code § 18.2–137 is unconstitutionally vague. The Chief Judge of this Court by letter to counsel dated March 22, 1979, required a concise memorandum of authorities by the defendants on or before March 28, 1979, and a reply by the Commonwealth's Attorney on or before March 30, 1979, and set the motions down for argument on April 2, 1979, at 2:00 o'clock p.m. On the latter date, arguments were heard on the motions to dis-

miss and the matters taken under advisement. The trial of the cases on the merits has been continued generally by the Court.

## Issue

Are the words "unlawfully, but not feloniously . . . injure any property, real or personal, not his own . . ." as contained in Code § 18.2–137 so vague as to render it unconstitutional and void on its face?

## Conclusion

The pertinent portion of the statute in question, Code § 18.2–137, under which the defendants were arrested and charged, is set forth as follows:

> § 18.2–137 — *Injury, etc., any property, monument, etc.,* — If any person, *unlawfully, but not feloniously*, take and carry away, or destroy, deface or *injure any property, real or personal, not his own* . . . he shall be guilty of a Class 1 misdemeanor. [Emphasis added.]

This statute is found in Title 18.2 of the Code of Virginia, 1950, as amended, which contains the general criminal statutes of the Commonwealth. Specifically, it is contained in Article 6 of Chapter 5 of said Title under the general heading "Crimes Against Property."

Under the rules of statutory construction, it is well settled that there is a presumption in favor of the constitutionality of a legislative act and a statute should not be declared unconstitutional unless it is clearly and plainly so. The Courts must resort to every reasonable construction in order to uphold the constitutionality of a statute, and any reasonable doubt as to its unconstitutionality must be resolved in favor of its validity. *See* 17 M.J., *Statutes*, § 29, p. 273; *Godwin v. Board of Supervisors*, 161 Va. 494 (1933); *Commonwealth v. Dodson*, 176 Va. 281 (1940).

In the construction and interpretation of statutes by the Courts, the rule has been formulated thus: "[T]he intention of the lawmakers constitutes the law, and the primary object in the interpretation of the statute is to ascertain and give effect to that intention . . ." and that intention must prevail in all cases. In seeking the intent of the legislature, it is the duty of the Courts to consider the object of the statute and the purpose sought to be accomplished. *See* 17 M.J., *Statutes*, § 35, p. 310; *Tiller v. Commonwealth*, 193 Va. 418 (1952); *Norfolk*

*Southern Railway Company v. Lassiter*, 193 Va. 360 (1952); *Southern Railway Company v. Commonwealth*, 205 Va. 114 (1964). While the Court must construe a penal statute strictly, it must at the same time avoid an interpretation that would impair the purpose of the statute. *See, Butler v. Frieden*, 208 Va. 352 (1967); 17 M.J., *Statutes*, § 39, p. 292.

The Commonwealth's Attorney concedes, and it is well settled in Virginia, that penal statutes must be strictly construed, and to constitute an offense, an act must be both within the letter and the spirit of the statute defining it, that criminal statutes must be reasonably definite as to the person's conduct within their scope, and that a statute must be held void when it is so vague that "men of common intelligence must necessarily guess at its meaning and differ as to its application." But, it is equally well settled that the rule requiring criminal laws to be strictly construed does not require distortion or nullification of the evident meaning and purpose of the legislature. Rather, the Courts must adopt "that sense of words which harmonizes best with the context and promotes in the fullest manner the apparent policy and objects of the legislature." 17 M.J. *Statutes*, § 67, p. 330; *Northrop and Wickham v. Richmond*, 105 Va. 335 (1906).

In *Hodgson v. Elk Garden Corp.*, 482 F.2d 529 (4th Cir. 1973), the Court stated, in quoting from the opinion of Judge Learned Hand in *Cabell v. Markham*, 148 F.2d 737 (2d Cir. 1945), affirmed, 326 U.S. 404 (1945):

> While the words used, even in their liberal sense, are the primary, and ordinarily the most reliable, source of interpreting the meaning of a statute, it is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary, but to remember the statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning.

The defendants, in their brief, cite *Squire v. Pace*, 380 F. Supp. 269 (W.D. Va. 1974), 516 F.2d 240 (4th Cir.), *cert. den.* 423 U.S. 840 (1975), which declared Virginia Code § 18.1–253.1, the disorderly conduct statute, unconstitutionally void for vagueness in support of their contention. It is well to note that in applying the rules of statutory construction, the Fourth Circuit Court of Appeals also stated:

> The words themselves are only the first consideration, for the construction of those words by the State Courts is equally germane in assessing their constitutionality . . . . p. 276.

Where it is the defendant's contention, as in the instant case, that a penal statute is void because it is vague and indefinite, the rules for testing its validity may be found in *Caldwell v. Commonwealth*, 198 Va. 454, 458 (1956). There the Supreme Court stated:

> It is elementary that an act creating a statutory offense, to be valid, must specify with reasonable certainty and definiteness the conduct which is commanded or prohibited, that is, what must be done or avoided, so that a person of ordinary intelligence may know what is thereby required of him . . . . The enactment should define the acts to be done or not to be done which constitutes such an offense with such certainty that a person may determine whether or not he has violated the law at the time he does or fails to do the act, which is charged to be a violation thereof . . . . Unless an act creating a statutory offense satisfies this requirement of certainty and definiteness, it violates the due process clauses of the 14th Amendment and of the Virginia Constitution, Article I, § 8. *See also, Southern Railway v. Commonwealth*, 205 Va. at 116.

In the arguments before the Court and in their respective memoranda of authorities, the attorney for the Commonwealth and counsel for the defendants refer only to words "unlawfully . . . injure any property . . ." found in the statute. Both counsel overlook and do not concern themselves with the phrase "but not feloniously" which follows and obviously modifies the word unlawfully in the statute. This Court is of the opinion that it cannot begin to properly interpret the statute unless consideration is given to the meaning and purpose of the legislature in using the words in their entirety, i.e., "unlawfully, but not feloniously . . . injure any property . . . ."

The defendants contend that since Code § 18.2–137, *supra*, is the legislature's codification of the common law crime of malicious mischief, a successful conviction under the statute requires a finding that the act was done with malice, i.e., specific intent or willful misconduct, and the Court cannot supply the fatal deficiency in the statute by interpreting the word unlawfully to mean intentionally. The Commonwealth's Attorney concedes that the Code Section is a codification of

the common law crime of malicious mischief but argues that the statute, as written, does not require a finding that the act was done with malice and, therefore, does not require specific intent or willful misconduct.

In applying the rules of statutory construction, *supra*, to determine the underlying intent and purpose of the legislature in the enactment of the statute, the Court must look to the meaning of the words "unlawfully, but not feloniously," when used in their ordinary legal sense.

There can be no doubt that the word "unlawful," when used as a descriptive adjective, means that which is contrary to the law, the latter being the rules or mode of conduct made obligatory by some sanction which is imposed and enforced for their violation by a controlling or governing authority. Thus, the words "unlawful" and "unlawfully" are not so vague in the ordinary sense as the defendants contend but, rather, have generally accepted legal meanings developed over years of usage in the statute and case law. When applied to conduct in our society, these words refer basically to that conduct which is "contrary to, in defiance of, or unauthorized by, the law; disobeying or disregarding the law; illegal; wrongful." While necessarily not implying the element of criminality, their meaning is broad enough to include it. See Black's Law Dictionary, Revised 4th Edition — Unlawful, Unlawfully, pages 1705 and 1706 and cases cited. In their every day and normal use, the words can be said to describe conduct that is wrongful or unacceptable and without legal justification.

But, if the statute in question is the codification of the common law crime of malicious mischief, what did the legislature mean by the modification "but not feloniously"? The words "felonious" and "feloniously" also have generally accepted legal meanings developed over years of usage in the statute and case law and are defined as "of or pertaining to, or having the quality of, felony; malicious; villainous; traitorous; etc." Thus, an act done feloniously is an act done with "malice," i.e., a *wrongful act* done *intentionally* and *without legal justification* or *excuse*.

Therefore, when the words "unlawfully, but not feloniously," are given their ordinary meaning, it is obvious that the intent and purpose of the legislature in enacting this statute was to protect its citizens in the security of their property, real and personal, from damage or injury, and to make those acts of a voluntary nature which result in the injury of or damage to such property of another, not his own, *without legal*

justification, punishable as a crime and to eliminate the requirement that such acts be done with malice, i.e., specific intent, as was held to be essential in a prosecution for malicious mischief under the common law. The statute seeks to punish that conduct which is mischievous in nature and without legal justification, but not necessarily malicious.

When viewed in that context, it is clear that the words "unlawfully, but not feloniously" as used in the statute have ordinary legal meaning. Thus, the statute is neither unconstitutionally vague nor arbitrary, and its meaning and application should be clear to "men of ordinary intelligence." The function of these words is to eliminate from prosecution injuries to property *that have some legal justification*, such as: those occurring under a bona fide claim of right; undertaken with the consent of the owner; committed under a mistaken belief or misunderstanding of fact; or those occurring as a result of negligent conduct but not to the extent that culpability or criminal negligence could be imputed reasonably to the actor.

In summary, this Court holds that Code § 18.2–137 is constitutional. The statutory scheme and legislative intent are clearly discernible both from the wording of the statute and a reading of it in conjunction with the other related statutes in Article 6 of Chapter 5 in Title 18.2. Specific intent is not an element of the offense which it prohibits, and the legislature is well within its powers and prerogatives in so defining such conduct and prescribing its punishment as a Class I misdemeanor. Accordingly, the defendants' motion to dismiss, in each case, is denied.