# FRANCISCO *v.* GATHRIGHT, CORRECTIONAL SUPERINTENDENT

No. 73–5768.   Argued October 15, 1974—
Decided November 19, 1974

*Daniel C. Kaufman* argued the cause and filed a brief for petitioner.

*Robert E. Shepherd, Jr.,* argued the cause for respondent.   On the brief were *Andrew P. Miller,* Attorney General of Virginia, and *Gilbert W. Haith,* Assistant Attorney General.

PER CURIAM.

Petitioner was convicted in a Virginia state court of possession of heroin with intent to distribute,[1] and was

---

[1] Petitioner was convicted of violating Va. Code Ann. § 54–524.-101 (a) (1950).   At the time he was charged, that statute provided in relevant part:

"Except as authorized by this chapter, it shall be unlawful for any person knowingly or intentionally: (1) To distribute, or to possess

sentenced to eight years in prison. The Supreme Court of Virginia denied review and affirmed the conviction by order, and petitioner then sought federal habeas corpus in the United States District Court for the Eastern District of Virginia.

In that court he contended that the judgment of conviction under which he was held was subject to two constitutional infirmities. His first claim was that the state statute under which he had been convicted violated his Fourteenth Amendment rights insofar as it permitted the jury to base the conviction "solely upon evidence as to the quantity of any controlled drug or drugs unlawfully possessed." [2] His second claim was that evidence admitted at his trial had been obtained as a result of an unlawful search and seizure in violation of his rights under the Fourth and Fourteenth Amendments.

Respondent conceded that petitioner had "exhausted his State court remedies," App. 11, but nevertheless urged the District Court to dismiss the petition in order to permit the petitioner to present his due process argument to the state courts for reconsideration in light of the decision of the Supreme Court of Virginia in *Sharp* v. *Commonwealth*, 213 Va. 269, 192 S. E. 2d 217 (1972). In *Sharp,* which was decided after the Virginia Supreme Court had declined to review petitioner's conviction on direct appeal, but before he had filed his petition for a writ of habeas

---

with intent to distribute, a controlled drug . . . . A conviction for a violation of this § 54–524.101 (a) may be based solely upon evidence as to the quantity of any controlled drug or drugs unlawfully possessed."

The statute has since been repealed. Va. Acts 1972, c. 798.

[2] The trial court instructed the jury:

"The Court instructs the jury that a conviction for possession of a controlled drug with intent to distribute may be based solely upon the evidence as to the quantity of the controlled drug unlawfully possessed." App. 19.

corpus in the District Court,[3] the Virginia Supreme Court held § 54–524.101 (a) to be violative of both the State and Federal Constitutions.[4]

The District Court ruled against petitioner on the merits of his search-and-seizure claim, and agreed with respondent that the challenge to the statute should be resubmitted to the Virginia state courts. It therefore granted summary judgment in favor of respondent without passing on petitioner's claim that the statute was invalid under the Fourteenth Amendment.[5]

Petitioner appealed to the Court of Appeals for the Fourth Circuit. That court, in an unreported decision,

---

[3] The habeas petition, accompanied by a motion to proceed *in forma pauperis,* was actually received by the United States District Court on October 5, 1972, four days before *Sharp* was decided. On October 26 petitioner's motion to proceed *in forma pauperis* was denied. Upon receipt of the filing fee on October 31, the clerk of the United States District Court filed the habeas petition.

[4] The Supreme Court of Virginia found the statute unconstitutionally vague because "a person of ordinary intelligence in possession of a quantity of marijuana could not with reasonable certainty know whether he was guilty of the misdemeanor of mere possession or the felony of possession with intent to distribute." 213 Va., at 271, 192 S. E. 2d, at 218. The court also concluded that the "statutory inference or presumption of possession with intent to distribute did not have sufficient rational connection with the fact of possession of a quantity of a controlled drug." *Ibid.* The Virginia court cited federal and state decisions to support its holding, and at oral argument the parties agreed that *Sharp* rests on both state and federal constitutional grounds. We, of course, express no view on the correctness of this holding insofar as it rests on an interpretation of the Fourteenth Amendment.

[5] Since petitioner had presented the issue once to the state courts, the District Court granted him leave to reinstitute the petition in federal court unless the State granted him a hearing within 45 days. The State sought to initiate state habeas proceedings the following day, but petitioner refused to file a habeas petition in state court and indicated that he would not cooperate with state authorities.

agreed that the state court should have an opportunity to re-examine petitioner's claim in the light of *Sharp, supra,* and went on to hold that the District Court had acted prematurely in reaching the independent federal claim of unlawful search and seizure. It said:

"If relief is granted under *Sharp,* the state will have the option of releasing Francisco or retrying him. In either event the possibility exists that this claim for relief will be mooted." App. 51.

The court vacated that portion of the District Court's opinion ruling on the merits of petitioner's second claim, and remanded the case to the District Court with instructions to dismiss the petition without prejudice. We granted certiorari. 415 U. S. 957 (1974).

Petitioner presents two contentions here. He first contends that the District Court and the Court of Appeals were wrong in requiring him to resubmit his constitutional attack on the Virginia statute to the state courts. We agree with petitioner on this point, since we believe that the proper disposition of his claim of statutory invalidity is controlled by *Roberts* v. *LaVallee,* 389 U. S. 40 (1967). In *Roberts* the petitioner was denied a transcript of his preliminary hearing because he was unable to pay the fee required under New York law. When his equal protection challenge to the New York statute was rejected on direct appeal, he sought habeas relief in federal court. After the United States District Court denied the writ, in another case the New York Court of Appeals found the statute unconstitutional under both the Federal and State Constitutions. The Court of Appeals for the Second Circuit dismissed the petition in order to permit Roberts to apply to the state courts for relief under the intervening state court decision. This Court reversed, saying:

"Petitioner has already thoroughly exhausted his

state remedies, as the Court of Appeals recognized. Still more state litigation would be both unnecessarily time-consuming and otherwise burdensome. This is not a case in which there is any substantial state interest in ruling once again on petitioner's case." *Id.*, at 43.

The only distinction between the present case and *Roberts* is that here the intervening state court decision came down before petitioner filed his petition for habeas relief in federal court, whereas in *Roberts* the state decision issued after the habeas petition had been acted upon by the District Court. This distinction does not alter the result as to the exhaustion requirement. In both cases the state courts had a full opportunity to determine the federal constitutional issues before resort was made to a federal forum, and the policies served by the exhaustion requirement would not be furthered by requiring resubmission of the claims to the state courts.[6] *Roberts, supra; Brown* v. *Allen,* 344 U. S. 443, 447–450 (1953); *Picard* v. *Connor,* 404 U. S. 270, 275 (1971).

The second question presented by petitioner in this Court is "[w]hether a person . . . who claims that [his] custody is, in two independent respects, in violation of the Constitution of the United States, must await federal habeas corpus relief on one ground merely because the other ground should have been presented to the State courts." Brief for Petitioner 2. Petitioner apparently attributes the refusal of the Court of Appeals to rule on the merits of his second claim to its conclusion that petitioner was required again to submit his first claim to the state courts. Since we have held that petitioner's claim of statutory invalidity need not be presented again to the

---

[6] We are not presented with a case "in which an intervening change in federal law cast the legal issue in a fundamentally different light." *Picard* v. *Connor,* 404 U. S. 270, 276 (1971).

state courts before being adjudicated by the federal habeas court, the case in its present posture no longer presents the question framed by petitioner, and we have no occasion to address it.

The judgment of the Court of Appeals is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Reversed and remanded.*