Jasper C. PRESSLEY, Appellant,

v.

C. L. SWAIN.

No. 73–1975.

United States Court of Appeals, District of Columbia Circuit.

Argued April 24, 1975.

Decided July 9, 1975.

Mark W. Foster, Washington, D. C. (appointed by this Court), for appellant in No. 73–1975. Robert M. Weinberg, Washington, D. C. (appointed by this Court), entered an appearance for appellant in No. 73–1975.

Albert H. Turkus, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Warren R. King, Craig M. Bradley, and Tobey W. Kaczensky, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, and WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON, ROBB and WILKEY, Circuit Judges, sitting en banc.

Opinion for the Court filed by *Circuit Judge* TAMM.

TAMM, Circuit Judge:

Along with Palmore v. Superior Court, 169 U.S.App.D.C. ——, 515 F.2d 1294, this case considers whether 23 D.C.Code § 110(g) (1973) eliminates the habeas corpus jurisdiction of the United States District Court for the District of Columbia for prisoners convicted in Superior Court. Finding that 23 D.C.Code § 110(g) does not divest jurisdiction and that appellant has exhausted his remedies, we reverse the judgment of dismissal by the district court and remand for consideration on the merits.

Appellant was convicted in April, 1971 of grand larceny and larceny from the Government and sentenced to concurrent prison terms of twenty-two to ninety-six months and twenty months to five years respectively. His conviction was affirmed by the District of Columbia Court of Appeals. Pressley v. United States, No. 6063 (D.C.Ct.App., decided May 22, 1972).

On June 5, 1972, appellant, *pro se*, filed a motion for a new trial, claiming, *inter alia*, ineffective assistance of counsel; the motion was denied without a

hearing, and Pressley appealed. Counsel was appointed, and after full briefing and argument, the District of Columbia Court of Appeals again affirmed. Pressley v. United States, No. 6631 (D.C.Ct. App., decided March 2, 1973).

In July, 1972, during the pendency of his second appeal, Pressley filed another *pro se* motion to compel production of the grand jury voting record in his case. The trial judge dismissed the motion for want of jurisdiction. Again after full briefing and argument by appointed counsel, the District of Columbia Court of Appeals affirmed, not on the jurisdictional ground, but on the merits. Pressley v. United States, No. 6803 (D.C.Ct. App., decided July 6, 1973).

On May 23, 1973, appellant filed a *pro se* petition for a writ of habeas corpus in the United States District Court for the District of Columbia, alleging that his custody violated his constitutional rights to due process and effective assistance of counsel. On July 18, 1973, the district court dismissed the petition, stating that "this Court does not have jurisdiction over this matter, by virtue of 23 D.C. Code § 110(g)." Pressley v. Swain, Habeas Corpus No. 30–73 (D.D.C., filed July 18, 1973).

Pressley appealed to this court, which on October 30, 1974, *sua sponte* remanded the record to the district court for clarification of its order. Specifically, we instructed that

> [t]he District Court should indicate whether, in ruling that he was without jurisdiction to entertain the petition for a writ of habeas corpus under 23 D.C.Code § 110(g), he considered the applicant as one who had exhausted his remedies in the local court system, or whether he ruled only that he was without jurisdiction because the applicant had not first sought a writ of habeas corpus in Superior Court as required by 16 D.C.Code § 1901(c) and 23 D.C.Code § 110(a).

Pressley v. Swain, No. 73–1973 (D.C.Cir., Oct. 30, 1974).

On remand, the district court "respectfully advise[d] that on the papers then before it, it appeared that appellant had not adequately exhausted his remedies in the local court system. The Court made no determination as to the constitutionality of 23 D.C.Code § 110." Pressley v. Swain, Habeas Corpus No. 30–73 (D.D.C., Nov. 12, 1974). The court continued that "[i]t was not apparent that the suppression issue had ever been analyzed and there were aspects of the adequacy of counsel not passed upon at the local level. . . . The Court did not feel the question of the ultimate effect of 23 D.C.Code § 110 upon the viability of a further writ of habeas corpus in the District Court was ripe for decision in this case." *Id.*

Appellant now contends that the district court has jurisdiction to entertain petitions for habeas corpus, even after passage of section 110(g), and that he has exhausted his local remedies, having litigated every aspect of his claim in the local courts. The Government contests the district court's jurisdiction, but concedes that Pressley has exhausted his local remedies:

> regardless of whether appellant has actually exhausted his local remedies by an application to the Superior Court under 23 D.C.Code § 110, under the special circumstances of this case— where it is clear that the local court system has had a full opportunity to resolve the issues raised in appellant's petition—appellant should not be forced to relitigate his claim in the local court system before filing a petition in the District Court.

Response to Appellant's Supplemental Memorandum Directed to the Issue of Exhaustion of Local Remedies at 7 (footnotes omitted). We agree with appellant both as to jurisdiction and exhaustion.

Today in Palmore v. Superior Court, *supra*, we held that section 110(g) does not affect the jurisdiction of the district court under 28 U.S.C. §§ 2241 *et seq.* and operates only as an exhaustion

of remedies provision. We therefore must determine whether Pressley meets the requirements of section 2241. Since Pressley has been placed on parole through April, 1979, Gov't. Br. at 3 n.2, he is in custody within the meaning of section 2241. *See* Jones v. Cunningham, 371 U.S. 236, 239–44, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Appellant alleges that he is in custody in violation of his fifth amendment right to due process and his sixth amendment right to effective assistance of counsel; that suffices as a claim of "custody in violation of the Constitution." Thus, if the exhaustion requirement is met, Pressley has fulfilled all the conditions to maintaining his petition.

■ Appellant argues that the district court erred in concluding that he failed to exhaust his remedies in the local court system. We agree. Pressley's two *pro se* collateral attack motions, which he styled "Motion for a New Trial," were, as such, clearly untimely under Super.Ct. R.Crim.P. 33. The Government, in opposing the motion on the merits, argued that compliance with rule 33 was jurisdictional, but then stated:

> should this Court decide to review appellant's argument on the merits (*i. e., by treating his motion for new trial as a motion to vacate sentence under 23 D.C.Code § 110 (Supp.V, 1972);* cf. 28 U.S.C. § 2255), we submit that it is utterly meritless.

Supplemental Memorandum Directed to the Issue of Exhaustion of Local Remedies at 8 n.25 (emphasis added). *See also id.* (Gov't. in last local appeal "characterized the motion on appeal as a motion to vacate sentence under 23 D.C.Code § 110 (Supp.V, 1972)").

"[A]djudication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents." Andrews v. United States, 373 U.S. 334, 338, 83 S.Ct. 1236, 1239, 10 L.Ed.2d 383 (1963); *See* Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). This rule applies with special force to *pro se* motions. We therefore agree with appellant that "[b]y any reasonable analysis, [his] 'Motion for a New Trial' was in fact a collateral attack under 23 D.C. Code § 110." Supplemental Memorandum, *supra,* at 16 n.32. Both motions *were* considered on their merits by the District of Columbia Court of Appeals. Despite its silence on the issue in its opinions, we think it fair to say that the District of Columbia Court of Appeals treated the motions in that manner. Hence, it is plain that Pressley has exhausted his local remedies by first pursuing his claim through a motion under section 110.

Under any circumstance, no matter how the motions were styled, the local courts fully considered the constitutional claims on the merits. Thus, the local courts "had a full opportunity to determine the federal constitutional issues before resort was made to a federal forum, and the policies served by the exhaustion requirement would not be furthered by requiring submission of the claims to the [local] courts." Francisco v. Gathright, 419 U.S. 59, 63, 95 S.Ct. 257, 42 L.Ed.2d 226 (1974) (citations and footnotes omitted).

We hold that the district court erred in dismissing the petition on exhaustion grounds and reverse and remand for consideration on the merits.

*So ordered.*

ROBB, Circuit Judge (dissenting):

For the reasons stated in my dissent in Palmore v. Superior Court, 169 U.S.App. D.C. ——, 515 F.2d 1294, I dissent.