**Robert S. OCHOA**

v.

**W. J. ESTELLE, Jr.**

**No. SA–73–CA–132.**

United States District Court,
W. D. Texas,
San Antonio Division.

Dec. 1, 1976.

James R. Gillespie, Inc., A Professional Corp., James R. Gillespie, San Antonio, Tex., for petitioner.

Mark L. Perlmutter, Asst. Atty. Gen., Austin, Tex., for respondent.

## MEMORANDUM OPINION

SUTTLE, District Judge.

Petitioner's claim for relief from a forty year sentence imposed by the State of Texas poses the following question:

> Does the Double Jeopardy Clause of the Fifth Amendment bar a reindictment, a second trial, and a conviction based on a count in the second indictment, where, after a jury had been impaneled and sworn at the first trial, the state had abandoned an identical count in a previous indictment based on the same criminal transaction? Even when Petitioner raises his jeopardy claim for the first time after the second conviction?

The Court concludes that double jeopardy would have barred the subsequent conviction had Petitioner not waived his double jeopardy claim.

The facts are straightforward. Petitioner transferred heroin to a police officer. Based on that incident, a grand jury charged Petitioner with "sale of heroin" in one count and "possession of heroin" in the other count of a two-count indictment. State procedural rules prevented the indictment from alleging more than one offense.[1]

---

1. Art. 21.24 (Tex.Code Crim.Proc.) in effect at the time provided:

   An indictment, information or complaint may contain as many counts charging the same offense as the attorney who prepares it, acting in good faith, may think necessary to insert, but may not charge more than one offense. An indictment or information shall be sufficient if any one of its counts be sufficient. (Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722.)

### SPECIAL COMMENTARY

*by Hon. John F. Onion, Jr.,*
This article includes the identical wording of old Article 417 and the substance of the

At the first trial a jury was impaneled and sworn. Before the indictment was read to the jury and before Petitioner pled to the indictment, the state abandoned the sale count.[2] The state prosecuted the remaining possession count. The jury found the Petitioner guilty of possession. The trial court granted Petitioner's motion for a new trial because of an irregularity in sentencing.

The state then reindicted Petitioner. The new indictment, like the original, charged sale and possession in separate counts. Unlike before, the state elected to proceed on the sale count. The jury found Petitioner guilty. After this second conviction, Petitioner raised the defense of former jeopardy for the first time.[3] The trial court denied any relief. The Texas Court of Criminal Appeals ruled that Petitioner's conviction on the sale count was not barred by double jeopardy holding that because of the Texas rule that jeopardy does not attach until a defendant pleads to the indictment before the jury, jeopardy had never attached to the sale count at the first trial. *Ochoa v. State,* 492 S.W.2d 576 (Tex.Cr.App. 1973). Petitioner failed to timely file for a

rehearing before the Court of Criminal Appeals.

Petitioner has not been reticent in seeking relief in Federal Court. He originally sought habeas corpus relief immediately after his first conviction, even before the trial court had ruled on his motion for a new trial. Judge Spears disposed of the case by dismissing the petition for failure to exhaust state remedies. (SA–70–CA–32, unreported) After his second conviction, but before any appellate review, Petitioner sought Federal relief for the second time. Judge Spears again disposed of the case by dismissing the petition for failure to exhaust state remedies. (SA–71–CA–175, unreported) The Court finds that in this third petition, Petitioner has exhausted his State remedies and considers his petition on the merits. *Francisco v. Gathwright,* 419 U.S. 59, 95 S.Ct. 257, 42 L.Ed.2d 226 (1974); *Picard v. Conner,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Petitioner's double jeopardy claim rests solely on the sequence of events precluding the submission of the original sale count to the first jury.[4]

---

second paragraph of old Article 408a. If the word "offense" used herein is interpreted to mean "criminal offense" as opposed to "transaction," then an indictment cannot allege more than one offense even if the offenses grew out of the same transaction (such as burglary with intent to commit theft and theft over $50.00 or sale of narcotics and possession of narcotics).
(*Amended* Acts 1973, 63rd Leg., p. 968 ch. 399 § 2(A) (Jan. 1, 1974.) *cf.* Tex. Penal Code §§ 3.01, 3.02 (1975).

2. This act by the prosecution under state procedure amounted to an election to prosecute only the offense of possession. *See Hughes v. State,* 455 S.W.2d 303 (Tex.Cr.App.1970); *Stephens v. State,* 522 S.W.2d 924 (Tex.Cr.App.1975).

3. Tex.Const. Art. 1, § 14; Art. 1, § 10; Tex. Code Crim.Proc. Art. 27.05 (Acts 1965 59th Leg., vol. 2, p. 317, ch. 722 *Amended* Acts 1973 63rd Leg., p. 968 ch. 399 § 2(A); *see also* Tex.Pen.Code § 3.01. The plea of former jeopardy in Texas cannot be raised for the first time after trial. *Galloway v. State,* 420 S.W.2d 721 (Tex.Cr.App.1967); *but see Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1976).

4. Petitioner also contends by implication that the first finding of guilt of possession of heroin

by itself precludes a subsequent conviction of sale of heroin. Petitioner would further claim that his setting aside of the possession conviction would not affect this analysis. Although Petitioner is not specific in presenting a theory supporting a jeopardy claim based solely on the conviction of possession, the Court concludes that the claim is based on either a theory of identity of offense, or on a theory of collateral estoppel.

It is clear that jeopardy would not prevent a retrial of the offense of possession. *Forman v. United States,* 361 U.S. 416, 425, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960); *Price v. Georgia,* 398 U.S. 323, 326–27, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1967).

It is also clear that the possession conviction standing by itself does not bar the prosecution of any other offense arising out of the same criminal transaction since the constitutional protection of jeopardy runs to identity of offense and not to the criminal transaction. *United States v. Smith,* 470 F.2d 1299, 1302 (5th Cir. 1973).

Under Texas law "possession" and "sale" are different offenses having different elements. (*Compare* Art. 4476–15 sec. 4.03 *with* Art. 4476–15 sec. 4.04. *See also* Art. 725b sec. 2(a)

Respondent contends that the threshold inquiry should be to determine whether jeopardy ever attached to the sale count at the first trial. Respondent argues that the Texas rule for determining when jeopardy attaches is also, in this case at least, the correct rule for constitutional analysis. Relying on *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975), Respondent argues that jeopardy does not attach until the defendant has undergone the risk of an adverse determination by the finder of fact, that Petitioner would not undergo such risk until after pleading before the jury. Respondent concludes that Petitioner's claim is meritless because jeopardy never attached to the sale count at the first trial.

■ To the extent Respondent urges that jeopardy does not attach in jury trials until after the defendant pleads to the indictment, it is in error. That issue has been adversely decided by the Supreme Court in *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); see *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *Smith v. State of Mississippi,* 478 F.2d 88 (5th Cir. 1973).

■ To conclude that jeopardy has attached means merely that inquiry must be made into the constitutional purposes and policies underlying the Double Jeopardy Clause; it does not mean that retrial is automatically precluded. See *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *United States v. White,* 524 F.2d 1249, 1257 (5th Cir. 1975). Double jeopardy is not society's guarantee

of the Former Penal Code; *see e. g. Powell v. State,* 502 S.W.2d 705 (Tex.Cr.App.1974); *Collini v. State,* 487 S.W.2d 132 (Tex.Cr.App.1972).

Were the offenses of possession and sale identical, Petitioner could still be tried for "sale." Since Petitioner set aside the first conviction, if under Texas law the offenses of possession and sale were identical, double jeopardy would not preclude a trial on the offense of sale. *Forman, supra,* at 425, 80 S.Ct. 481.

The protection of collateral estoppel is part of the Double Jeopardy Clause, *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and is binding on the states (*Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

that a defendant receive an errorless first trial; rather, that clause was the framers' attempt to balance defendant's rights to be free from repeated prosecutions with the equally legitimate demand for public justice. *Wade v. Hunter,* 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949). Because Respondent has fundamentally misconstrued the nature of this Court's inquiry, its analysis, unfortunately, sheds no light on the relevant legal test.

■ The Court finds no material difference between Petitioner's claim that the sale count was untimely taken from the first jury and a claim based on a *sua sponte* declaration of a mistrial by the Court. So viewed, the double jeopardy protection extended to Petitioner to have his guilt or innocence completed by the particular tribunal is implicated. *United States v. Dinitz,* 424 U.S. 600, 606, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *Wade v. Hunter,* 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949).

Historically, that right has been evaluated under the "manifest necessity" doctrine of *United States v. Perez,* 22 U.S. 579, 9 Wheat. 579 (1824).

Tested against the "manifest necessity" standard, the Court concludes that this case is controlled by *McNeal v. Hollowell,* 481 F.2d 1145 (5th Cir. 1973), and even though *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973) and *Duncan v. Tennessee,* 405 U.S. 127, 92 S.Ct. 785, 31 L.Ed.2d 86 (1972) reach opposite conclusions on similar facts, those cases can be factually distinguished.

The application of the doctrine depends upon whether some issue necessary for the prosecution's case in the second trial has *necessarily* been found for the defendant in the first trial. *Johnson v. Estelle,* 506 F.2d 347, 350 (5th Cir. 1975). The *Johnson* case involved the prior acquittal of a defendant by the jury on a general verdict. Where, as here, the first general verdict was one of guilt, even cursory analysis shows that no fact necessary to the prosecution's case was found in defendant's favor. To argue that finding the Petitioner to be a possessor amounts to an implicit finding that he was not a seller, substitutes a standard considerably more lax than that announced in *Johnson, supra.*

■ The Supreme Court has consistently stated that it would be inappropriate to create a body of rigid and mechanical rules by which to judge the merits of a double jeopardy constitutional claim; instead the problem must be evaluated in terms of all the facts and circumstances of each individual case. *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *Duncan v. Tennessee,* 405 U.S. 127, 92 S.Ct. 785, 31 L.Ed.2d 86 (1972).

■ Where a mistrial is declared without the consent or over the objection of the defendant,[5] the Court must review [6] the trial judge's decision in view of whether or not an impartial verdict can be reached, or a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in trial. *Illinois v. Somerville,* 410 U.S. at 464, 93 S.Ct. 1066. However, the Court in *Somerville* recognized that a "rule or defective procedure that [lends] itself to prosecutorial manipulation" would be an entirely different case. *Id.,* at 464, 93 S.Ct. 1066. In *Somerville,* the indictment on which defendant was tried did not allege an offense. Illinois pleading rules prevented curing the defect by amending the indictment. The defect in the indictment could have been asserted on appeal to overturn a conviction. Under those circumstances the Court held that the trial judge did not abuse his discretion by declaring a mistrial over defendant's objection.

■ The decision in *Illinois v. Somerville* turned on the peculiarities of Illinois law. Texas law places the power of election peculiarly within the province of the prosecution; however, to allow the prosecutor to elect after the jury is impaneled and sworn would allow him to exercise his discretion unfettered by the Double Jeopardy Clause and would create a rule subject to prosecutorial manipulation.[7] The Court therefore concludes that in this instance the Texas procedural rule comes within the second category of precedents recognized by *Illinois v. Somerville, supra. See also McNeal v. Hollowell,* 481 F.2d 1145 (5th Cir. 1973). The Court concludes that the sentence imposed by the second conviction is invalid because it violates double jeopardy.

■ The Court finds, however, that Petitioner has waived that double jeopardy claim by not asserting the claim prior to his second trial. Although the theoretical underpinnings of "waiver" in double jeopardy questions is presently unresolved, see *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976), principles of timeliness and of comity require this Court to hold that Petitioner has waived his double jeopardy claim.

The Court relies on *Francis v. Henderson, Warden,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976) in support of its conclusion. In *Francis,* a state prisoner sought to have his conviction set aside based on the composition of the grand jury which indicted him. His challenge was untimely under Louisiana law. The Supreme Court held that principles of timeliness and comity precluded *habeas corpus* relief. Here, as in *Francis,* Rule 12 of the Federal Rules of Criminal Procedure provides that an un-

---

**5.** Petitioner did not object to the withdrawal of the "sale" count from the jury. In view of the disposition of the case, the Court need not consider whether Petitioner's failure to object acted as a "waiver" of any double jeopardy claim.

Furthermore, there was no proof of any prosecutional misconduct or overreaching. The Court finds that waiting to dismiss the sale count until *after* a jury was impaneled and sworn was not the result of prosecutional misconduct, *but see* note 7 *infra.*

**6.** Although the Courts have been admonished not to interfere with state court procedures simply because they differ from federal ones, *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), still this Court must fulfill its constitutional duties.

**7.** If such a rule were followed, the State could seek to prejudice the jury by informing them of the greater charge and then dismissing the charge. If defendant were convicted, he would hesitate to appeal because a successful appeal could expose him to prosecution on the greater charge. Such a rule would be to invite the prosecution to fly in the face of *North Carolina v. Pearce,* 395 U.S. 711, 723–26, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1968).

**1082**

timely plea of former jeopardy is waived.[8] Under Texas law a late plea of jeopardy is similarly waived.[9] Principles of comity require the federal court to respect the state policies implicit in its waiver rule. *Francis supra.* To hold otherwise would allow the defendant a free shot at an acquittal at the second trial but, failing that, a certain reversal of the conviction in a later collateral proceeding.

---

**8.** Rule 12(b)(1); 12(f), Fed.Rule Crim.Proc.; 1 Wright, Federal Practice & Procedure § 193, *see e. g. Grogan v. United States,* 394 F.2d 287 (5th Cir. 1967); *but see Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).

