George Braddock OGLE, II, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 78–1751.

United States Court of Appeals, Fifth Circuit.

April 10, 1979.

---

Frank S. Wright, Dallas, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., David M. Kendall, Joe B. Dibrell, Jr., Douglas M. Becker, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, GEE and RUBIN, Circuit Judges.

GEWIN, Circuit Judge:

George Braddock Ogle, II was convicted by a jury of kidnapping and sentenced to fifty years imprisonment. The Texas Court of Criminal Appeals initially reversed but subsequently affirmed the judgment of conviction, and pursuant to 28 U.S.C. § 2254, appellant applied to the district court for federal habeas corpus relief. In his habeas corpus petition appellant claimed he was deprived of his Sixth and Fourteenth Amendment right to counsel and his due process right to exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).[1] The federal magistrate determined Ogle had failed to exhaust state remedies under 28 U.S.C. § 2254 and the district court denied relief. On this appeal appellant argues that he satisfied the exhaustion requirement. We find this contention correct and therefore reverse and remand.

Following his conviction in state court, Ogle perfected an appeal to the Texas Court of Criminal Appeals. In his brief he alleged numerous errors by the trial court. Included was the court's denial of appellant's motion to require an FBI agent who was a prosecution witness to turn over his investigation report to the defense for purposes of cross-examination. Ogle contended that the trial court's ruling constituted a violation of the state "*Gaskin* Rule."[2] Ap-

---

1. *Brady* held that suppression by the prosecution of evidence favorable to the defendant, upon request, violates due process when the evidence is material either to guilt or to punishment. 373 U.S., at 87, 83 S.Ct. 1194.

2. In *Gaskin v. State*, 172 Tex.Cr.R. 7, 353 S.W.2d 467, 469 (1961), the Texas Court of

Criminal Appeals held as a matter of state procedural law that if a prosecution witness has made a prior statement to agents of the state, the defense, on request, is entitled prior to cross-examination to view the statement, regardless of whether the statement is used by the witness to refresh his memory or whether it is exculpatory in nature.

pellant advanced neither of the grounds later presented in his federal habeas corpus application.

On November 5, 1975 the Court of Criminal Appeals reversed the judgment of conviction, finding appellant was entitled under *Gaskin* to examine the FBI report. *Ogle v. State*, 548 S.W.2d 360 (Tex.Cr.App. 1975). On November 20, the State moved for rehearing and the court granted the motion, ordering a copy of the FBI report be furnished Ogle for preparation of his brief. This was the first opportunity for appellant's counsel to review the report.

Upon receiving the report, Ogle submitted on March 25, 1976 a supplemental reply brief to the state's motion for a rehearing. Therein he argued for the first time that the state suppressed certain exculpatory evidence contained in the FBI report in violation of *Brady*. In response, the State filed a 25 page supplemental motion for rehearing, arguing in some detail that it had not transgressed appellant's *Brady* rights, and if it had, the error was harmless.

On June 9, 1976 a unanimous Court of Criminal Appeals affirmed the judgment of conviction, finding that the trial court's failure to afford appellant a copy of the FBI report was harmless error. 548 S.W.2d at 363.[3] The court also "overruled" all other grounds raised by appellant. 548 S.W.2d at 368. The tribunal's opinion was authored by Judge Douglas and concurred in by Judge Roberts. Neither of the two judges participated in the first opinion reversing Ogle's conviction or listened to appellant counsel's oral arguments on original submission. The appellate court's allowing their participation became the basis of appellant's second federal habeas claim. Following the affirmance of his conviction, Ogle filed a motion for leave to file a motion for rehearing and a motion for rehearing. In the motions he alleged that the participation by Judges Douglas and Roberts in his appeal's disposition deprived him of the right to assistance of counsel. In addition, he again contended the prosecution's failure to produce information from the FBI report was a violation of his *Brady* rights. On September 13, 1976 Ogle submitted a supplemental brief in support of his motion for rehearing. Therein he reiterated his right to counsel claim.

The Court of Criminal Appeals denied the motion without opinion on April 6, 1977. The ruling came almost ten months after the conviction was affirmed and approximately nine months after Ogle filed the motion for rehearing.

In finding a failure to exhaust state remedies, the federal magistrate reasoned that Ogle had neglected to comply with state appellate procedural requirements and consequently the two claims were not "fairly presented" to the appellate court. Article 40.09 Tex.Code Crim.Proc.Ann. (Vernon 1979),[4] provides that all appeals are to be

---

**3.** Appellant's sole defense at trial was insanity. In initially reversing his conviction, the Court of Criminal Appeals found that the State's failure to turn over the report, in violation of *Gaskin*, harmed Ogle because the report contained statements by appellant's physician which supported the insanity defense. 548 S.W.2d at 363. In the subsequent opinion affirming the conviction, Judge Douglas (who did not hear oral argument) determined from the evidence that appellant's counsel knew of the physician's remarks and thus any error in suppressing the report was "harmless beyond a reasonable doubt." 548 S.W.2d at 367.

**4.** Art. 40.09 § 9

Within thirty days after approval of the record by the court, the defendant shall file with the clerk of the trial court his appellate brief and sufficient copies of said brief so that each Judge and Commissioner of the Court of Criminal Appeals individually will be provided with a copy of his brief. This brief shall set forth separately each ground of error of which the defendant desires to complain on appeal and may set forth such arguments as he deems appropriate. . . .

§ 10

Within thirty days after defendant files his brief with the clerk of the trial court, the State shall file with the clerk of the trial court its brief and sufficient copies of said brief so that each Judge and Commissioner of the Court of Criminal Appeals will be provided with a copy of the brief. . . .

commenced by the filing of briefs with the trial court so that it may be given an opportunity to review any possible errors and correct them through the grant of a new trial. The magistrate resolved that appellant contravened the underlying policies of this rule by initially presenting the *Brady* error to the Texas Court of Criminal Appeals in his March 25, 1976 reply to the state's motion for rehearing. Ogle's omission of this argument from his initial appellate brief deprived the trial judge of the opportunity to address the claim and further develop the factual record and legal principles for the benefit of the appellate court.

■ Our inquiry into the correctness of these conclusions must commence with 28 U.S.C. § 2254(b) and (c) [5] which specify that a writ of habeas corpus shall not be granted unless the petitioner has "exhausted the remedies available in the courts of the State." The statute is a codification of a federal jurisdictional policy designed "to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights." *Lerma v. Estelle*, 585 F.2d 1297, 1299 (Rubin, J., dissenting). The policy requires as an accommodation of our federal system that state courts be given an initial opportunity "to pass upon and correct errors of federal law in the state prisoner's conviction." *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963), cited by *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). *See Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). That opportunity is accorded and the exhaustion requirement is satisfied when the federal claims have been fairly presented to the state courts for disposition. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). *See Francisco v. Gathright*, 419 U.S. 59, 63, 95 S.Ct. 257, 42 L.Ed.2d 226 (1974); *Tooten v. Shevin*, 493 F.2d 173, 176 (5th Cir. 1974), *cert. den.*, 421 U.S. 966, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975).

■ This court is convinced that the Texas Court of Criminal Appeals had a fair opportunity to decide the issues raised in appellant's habeas corpus application. Accordingly, we believe Ogle has sufficiently exhausted state remedies and is eligible to seek federal redress for his grievances.

The state concedes that the procedural policies of Art. 40.09, are inapplicable to the right to counsel issue since it involved an alleged error occurring during the appellate process.[6] Ogle asserted the error on the first possible occasion, in his motion for rehearing after his conviction was affirmed. At the same time, the Court of Criminal Appeals had complete discretion under the Texas statutory scheme to decide the *Brady* issue, though it was not presented to the trial court in appellant's initial appellate brief. Art. 40.09 § 13, Tex.Code Crim.Proc.

§ 12
It shall be the duty of the trial court to decide from the briefs and oral arguments, if any, whether the defendant should be granted a new trial by the trial court. This duty shall be performed within the period of thirty days immediately after the state's brief is filed, or if none be filed, then within the period of thirty days immediately after the last day on which the state's brief was timely filed. Omission of the court to perform this duty within such period shall constitute refusal of the court to grant a new trial to defendant.

5. 28 U.S.C. § 2254(b) (1970).

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

6. We agree with the State that assuming Ogle exhausted remedies on the right to counsel question, a failure to exhaust on the *Brady* claim required a dismissal of the entire habeas corpus application. *Galtieri v. Wainwright*, 582 F.2d 348, 355 (5th Cir. 1978).

Ann. (Vernon 1979)[7] explicitly permits the Court of Criminal Appeals to review errors not considered by the trial court whenever it determines the review will be in the "interests of justice." Nothing in the state's statutory procedure prohibits an appellant from raising these unassigned errors in a reply to the state's motion for rehearing or in his own motion for rehearing.

Indeed, the Texas Court of Criminal Appeals on numerous occasions has exercised its discretion and reviewed claims of constitutional dimension raised initially during the appellate process, e. g., *Harris v. State,* 522 S.W.2d 199 (Tex.Cr.App.1975) (court took judicial notice on appeal of erroneous jury charge constituting due process violation); *Pena v. State,* 442 S.W.2d 691 (Tex. Cr.App.1969) (double jeopardy claim considered though not presented to trial court); and presented by way of a motion for rehearing, e. g., *Long v. State,* 502 S.W.2d 139 (Tex.Cr.App.1973) (ineffective assistance); *Bass v. State,* 427 S.W.2d 624 (Tex. Cr.App.1968) (comment on defendant's silence).

7. Art. 40.09 § 13

   Upon refusal of the court to grant defendant a new trial, the clerk shall thereupon promptly transmit the record and briefs to the Court of Criminal Appeals, in which court all grounds of error and arguments in support thereof urged in defendant's brief in the trial court shall be reviewed, as well as any unassigned error which in the opinion of the Court of Criminal Appeals should be reviewed in the interests of justice.

8. The State of Texas contends the Court of Appeals' omission of any discussion of the two issues in its two written opinions and in the denial of Ogle's motion for rehearing, strongly suggests that the issues were not properly presented to the state court. This argument is without merit. The recent Supreme Court decision of *Smith v. Digman,* 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978) teaches that when constitutional claims have been briefed to a state appellate court, the question of exhaustion is not to be determined by whether the court chose to address or ignore the claim in its opinion.

   In *Smith,* as here, appellant's briefs submitted to the state Court of Criminal Appeals revealed he had argued the claim to that court. The federal district court resolved, however, that appellant had not properly presented the claims to the state court because it did not address them in its opinion. The Supreme

Ogle fairly presented the *Brady* ground to the appellate court by asserting it in his March 25, 1976 supplemental reply brief and the subsequent motion for rehearing. These briefs and the state's 25 page brief, filed in response on April 23, 1976, properly developed the issue for disposition. The lengthy nine month period which passed between Ogle's filing of the motion for rehearing and the Court of Appeals' denial of it indicates that the court considered and decided the *Brady* claim adversely to appellant. However, even if the court did not decide the issue, it was afforded a full and fair opportunity to do so in compliance with 28 U.S.C. § 2254.[8]

The State argues that a finding of exhaustion by this court would exhibit a lack of proper respect for Texas' statutory procedures. We disagree. No principle of comity is offended by our conclusion that Ogle has sufficiently presented the claim to the Texas courts. The state's interest in having its procedures followed was respected. Ogle did not attempt to circumvent the

Court reversed, concluding that appellant had satisfied the exhaustion requirement. In doing so, the Court rejected the district court's reliance on the absence of a reference to the issues in the state court's opinion:

> [I]t is too obvious to merit extended discussion that whether the exhaustion requirement of 28 USC § 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court, and indeed, in this case vigorously opposed in the State's brief. It is equally obvious that a district court commits plain error in assuming that a habeas petitioner must have failed to raise in the state courts a meritorious claim that he is incarcerated in violation of the Constitution if the state appellate court's opinion contains no reference to the claim.

434 U.S. at 333, 98 S.Ct. at 599, 54 L.Ed.2d at 585.

In *Carr v. State of Alabama,* 586 F.2d 462 (5th Cir. 1978), a case almost identical on its facts to *Smith,* this court applied *Smith* and found that appellant had exhausted state remedies. In the instant case, since the claims were fairly presented to the Texas Court of Criminal Appeals through the briefs of both parties, the court's failure to refer to the issues in its opinions and order is irrelevant.

appellate rules. He first learned of the possible *Brady* error upon receipt of the FBI report *after* the court had reversed his conviction. Thereafter, he asserted the claim at the first possible stage during his appeal, in his supplemental reply brief to the state's motion for rehearing. Furthermore, the claim was adequately developed in the briefs. Finally, under the Texas statutory scheme, the Court of Criminal Appeals had full discretion to adjudicate the unassigned error. Viewing the issue conversely, to deny Ogle access to federal court would serve no visible state interest.

Having decided that there was an exhaustion of remedies, we reverse and remand for proceedings not inconsistent with this opinion. We, of course, express no view on the merits of appellant's claims.

REVERSED and REMANDED.