**Richard BRIGGS, Jr.,
Petitioner-Appellant,**

v.

**Robert R. RAINES, Respondent-Appellee.**

**No. 80–5231.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 1981.

Decided Aug. 7, 1981.

As Amended on Denial of
Rehearing Oct. 1, 1981.

W. Robert Kohorst, Agnew, Miller & Carlson, Los Angeles, Cal., for petitioner-appellant.

William Schafer, Asst. Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before BROWNING, Chief Judge, and PREGERSON and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Richard Briggs brought a habeas corpus petition challenging his state conviction for second-degree murder. Briggs contended that the prosecution's failure to turn over to him the victim's FBI "rap sheet" after a specific request violated due process. The district court denied the petition. We find that Briggs has exhausted his state remedies and remand to the district court for an evidentiary hearing to determine whether the victim's FBI record contained favorable and material evidence for the petitioner.

## FACTS

In 1974, Richard Briggs was tried for murder in Arizona Superior Court. Briggs took the stand at trial and argued self-defense. He had spent several hours drinking with the victim, and testified that the victim was the first aggressor after Briggs rejected the victim's homosexual advances. On several occasions Briggs requested that the prosecution turn over information on the victim's criminal record, including his FBI rap sheet. The trial court refused to order production. The jury convicted Briggs of second-degree murder, and he is currently serving a prison term of thirty to sixty years.

The Arizona Supreme Court affirmed the conviction, holding that the prosecutor's failure to turn over the FBI rap sheet did not violate his obligation under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194,

1196, 10 L.Ed.2d 215 (1963). The court found that the prosecutor could not have concealed information relative to guilt, because the rap sheet was "in the custody of the FBI, an agency which is not under the control of the prosecutor." *State v. Briggs*, 112 Ariz. 379, 542 P.2d 804, 808 (1975).

Briggs filed a 28 U.S.C. § 2254 petition in district court on March 6, 1980, alleging that the prosecutor failed to disclose favorable evidence after several specific requests, thereby violating *Brady*. Briggs contended that the victim's rap sheet showed a history of sexual assaults, and thus would have bolstered his claim of self-defense. Without granting a hearing, the district court summarily dismissed Briggs' petition, finding only that the *Brady* issue "was considered and properly decided on direct appeal." Briggs appeals the dismissal of his petition.

## I. EXHAUSTION OF STATE REMEDIES

The State contends that Briggs has failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b) and (c). This failure, according to the state, occurred because Briggs did not use established state procedures to gain the benefit of a change in state law that would have made the requested information available. That change took place after Briggs' state appeal and before the filing of his habeas corpus petition. In *State v. Smith*, 123 Ariz. 231, 599 P.2d 187, 195 (1979), the Arizona Supreme Court held:

[T]he state has an obligation pursuant to [127 A.R.S., Rules of Criminal Procedure] 15.1 to disclose such information not in its possession or under its control if the state has better access to the information; if the defense shows that it has made a good faith effort to obtain the information without success; and if the information has been specifically requested by the defendant.

Rule 32.1(g) of the Arizona Rules of Criminal Procedure allows one who has been convicted to secure appropriate relief when there has been a "significant change in the law" and there are sufficient reasons for retroactive application of the change. In light of *Smith*, the State therefore contends that Briggs must use Rule 32.1(g) to challenge the *Brady* violation, before he can seek federal habeas corpus relief.

■ Assuming that the *Smith* decision and Rule 32.1(g) provide Briggs with an additional state remedy, the exhaustion argument is without merit. In *Roberts v. LaVallee*, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), the Supreme Court addressed a similar exhaustion argument. An indigent defendant was not provided with his preliminary hearing transcript because he could not pay the required fee, and the state affirmed his conviction. After the defendant filed a habeas corpus petition in federal court, the state court of last resort ruled that the statute requiring a fee was unconstitutional as applied to indigents. The Second Circuit dismissed the petition, holding that the defendant must return to the state court to take advantage of the changed state law. The Supreme Court vacated and remanded, holding that the petitioner had thoroughly exhausted his remedies. *Id.* at 42–43, 88 S.Ct. at 196.

In *Francisco v. Gathright*, 419 U.S. 59, 95 S.Ct. 257, 42 L.Ed.2d 226 (1974), the Supreme Court again addressed this re-exhaustion argument. The only difference between *Francisco* and *Roberts* was that in *Roberts* the change in state law occurred before the petitioner filed a federal habeas corpus petition, as is true of the instant case. In *Francisco* the change occurred after the petition was filed. The Court in *Francisco* again held that the petitioner had exhausted his state remedies in his initial appeal, and therefore that federal relief was available.[1] *Id.* at 63, 95 S.Ct. at 259.

---

1. In *Daboul v. Craven*, 429 F.2d 164, 166–68 (9th Cir. 1970), we held that a habeas corpus petitioner failed to exhaust state remedies because the United States Supreme Court had ruled on the issue after the petitioner's direct appeal, but before the habeas corpus petition. The court distinguished *Roberts v. LaVallee*,

389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), because in *Roberts* the change in law came after the habeas petition, but in *Daboul* it came "several years before." 429 F.2d at 168. The *Francisco* court rejected this argument; therefore *Daboul* has been implicitly overruled.

*See Galtieri v. Wainwright,* 582 F.2d 348, 355 (5th Cir. 1978) (en banc); *Hayward v. Stone,* 496 F.2d 844, 845 (9th Cir. 1974). In light of the holdings of *Roberts* and *Francisco,* Briggs does not have to return to the Arizona court system for relief; he has adequately exhausted his state remedies.

## II. THE *BRADY* VIOLATION

In *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." The State concedes that failure to obtain and disclose material information favorable to the defendant contained in a homicide victim's FBI rap sheet can constitute a *Brady* violation.[2]

In the most recent case to address this issue, the Fifth Circuit held that even though the prosecutor did not have direct control over the victim's FBI records, it was a violation of due process not to obtain them upon request. *Martinez v. Wainwright,* 621 F.2d 184 (5th Cir. 1980). The court found that "[t]he rule of *Brady* would be thwarted if a prosecutor were free to ignore specific requests for material information obtainable by the prosecutor from a related governmental entity, though unobtainable by the defense." *Id.* at 187. *See* 28 U.S.C. § 534 (requiring the Attorney General to exchange criminal records upon request of state authorities). Therefore the State recognizes that the Arizona Supreme Court incorrectly held that the FBI records were not in the constructive control of the prosecution at Briggs' trial. *See State v. Ireland,* 11 Or.App. 264, 268, 500 P.2d 1231, 1233 (1972) ("FBI rap sheets are in the constructive possession of the state in almost every case").

The State contends, however, that the record is inadequate to determine whether the victim's rap sheet in the instant case was both material and favorable to Briggs, as required by *Brady. United States v. Gross,* 603 F.2d 757, 759 (9th Cir. 1979). When the defendant makes a specific request for the information, as in the instant case, the test for materiality is whether the evidence "might have affected the outcome of the trial." *United States v. Agurs,* 427 U.S. 97, 104, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976). Thus, although a showing of materiality is required, the standard is not as high as when the defendant makes a general request for "anything exculpatory," or makes no request at all.[3] *Id.* at 106–07, 96 S.Ct. at 2398–99; *United States v. Ramirez,* 608 F.2d 1261, 1265 (9th Cir. 1979).

We agree with the State that the record is inadequate to determine the favorable or material nature of the victim's rap sheet. Neither the record nor the Arizona Supreme Court opinion refer to the contents of the rap sheet. The district court was therefore asked to evaluate Briggs' unsupported but uncontroverted assertions that the victim had a record of sexual assaults, and to decide whether this information would have been both favorable and material to Briggs' defense. If the victim's record demonstrates that he had a history of violent homosexual assaults, Briggs could make a strong argument that failure to produce the rap sheet was a *Brady* violation.

Although we find the record inadequate, we do not believe it follows that Briggs' petition was properly dismissed. The Arizona Supreme Court did not address the materiality issue because it held that the FBI records, if any, were not in the prosecution's control. The district court summarily dismissed Briggs' petition with-

**2.** If the prosecutor believes that the rap sheet contains material that ought not to be divulged to the defendant, an appropriate request may be made to the court for issuance of a protective order.

**3.** If the defendant only makes a general request or no request at all, the evidence is not material

within the meaning of *Brady* unless it is sufficient to create a reasonable doubt about the defendant's guilt. *United States v. Agurs,* 427 U.S. 97, 112–13, 96 S.Ct. 2392, 2401–02, 49 L.Ed.2d 342 (1976).

out holding an evidentiary hearing. Briggs was never given an opportunity to demonstrate that the victim's criminal record supported his defense. Therefore, the proper disposition is neither dismissal nor an automatic grant of Briggs' petition based solely on his allegations. As we stated in *Taylor v. Cardwell*, 579 F.2d 1380, 1382–83 (9th Cir. 1978):

> If, as here, there are no such findings [by the state court] on a material issue, the district court must try to reconstruct them from the state court's legal holding and to make its own findings if it cannot adequately do so. Ordinarily, the court should conduct an evidentiary hearing for this purpose.

*See also Stone v. Cardwell*, 620 F.2d 212, 213 (9th Cir. 1980) (district court should hold a hearing and make its own determination on the merits); *Pierce v. Cardwell*, 572 F.2d 1339, 1342 (9th Cir. 1978).

Because the state court did not address Briggs' contentions and the district court summarily dismissed his petition, we remand to the district court. On remand, the court should conduct an evidentiary hearing to determine the contents of the victim's FBI rap sheet, and whether the contents would have been favorable and material to Briggs' defense at trial.

REVERSED and REMANDED.

---

**Editor's Note:** The opinion of the United States Court of Appeals, Ninth Circuit in *Smiddy v. Varney* published in the advance sheets at this citation 652 F.2d 866–873, was withdrawn from bound volume and will be republished.